THE STATE OF OHIO, APPELLANT, *v.* LADD, APPELLEE.

(No. 78-116—Decided December 6, 1978.)

198

*Mr. Robert A. Jones,* prosecuting attorney, and *Mr. Jeffrey S. Schwartz,* for appellant.
*Mr. Milton T. Berner,* for appellee.

PAUL W. BROWN, J. The only issue presented on appeal here is whether the defendant is entitled to a discharge pursuant to R. C. 2945.71 through 2945.73, the Criminal Code's speedy trial provisions. R. C. 2945.73 reads as follows:

"(B) Upon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by sections 2945.71 and 2945.72 of the Revised Code."

R. C. 2945.71 provides in relevant part:

"(C) A person against whom a charge of felony is pending:

"* * *

"(2) Shall be brought to trial within two hundred seventy days after his arrest.

"(D) For purposes of computing time under divisions (A), (B), and (C) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days."

The dispute in this cause concerns the amount of credit to which the defendant is entitled under R. C. 2945.-71 for the period from June 30, 1976, to September 8, 1976. Appellant contends that the defendant should receive 70 days of credit for this interval. The defendant

argues that he is entitled to triple credit, or 210 counting days, since he was held in the Clermont County jail during this period. Calculations for other time periods relevant to the statute are not contested.

For the time from his arrest, June 11, until June 23, when defendant was arraigned and released, appellee is entitled to 36 days of credit (12 days times 3). R. C. 2945.-71(D). For the period from June 23 to June 30 defendant receives no credit, as this delay was necessitated by his request for time to acquire the services of an attorney. R. C. 2945.72(C).[2] From September 8 until November 5 defendant was free on bond. He therefore receives 58 days of credit, one for each day of his release. Since the continuance of trial from November 5 to December 7 was occasioned by defendant's failure to make an appearance, he receives no credit for the duration of the continuance. R. C. 2945.72(H).[3]

The defendant thus has 94 days of undisputed credit. If appellant's contention as to the calculation of time from June 30 to September 8 is accepted, then the defendant was brought to trial 164 "statutory days" after his arrest, which satisfies the requirements of R. C. 2945.71 (C)(2). If appellee's argument is followed, however, then the defendant was not brought to trial until 304 "statu-

---

[2]R. C. 2945.72 provides in relevant part:

"The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:

"* * *

"(C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in assigning counsel to an indigent accused upon his request as required by law;".

[3]R. C. 2945.72 provides in relevant part:

"The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:

"* * *

"(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion."

tory days'' after his arrest, and accordingly he would be entitled to a discharge, as the Court of Appeals found, by virtue of R. C. 2945.71(C)(2) and 2945.73(B).

The Sixth and Fourteenth Amendments to the United States Constitution guarantee a criminal defendant the right to a speedy trial by the state. *Klopfer* v. *North Carolina* (1967), 386 U. S. 213. This same right is assured an accused party by Section 10, Article I of the Ohio Constitution.

The United States Supreme Court held in *Barker* v. *Wingo* (1972), 407 U. S. 514, that the right to a speedy trial is not definable by an inflexible rule. Rather, a determination of whether this right has been afforded an individual must be the product of balancing the reasons for, and length of, prosecutorial delay, against the defendant's assertion of this right to a speedy trial and prejudice to the defendant by its denial. Despite the Supreme Court's mandate to weigh various factors in order to arrive at a fair estimation of this right under individualized factual situations, the court expressed its willingness to permit *legislative* implementation of the right to a speedy trial, at page 523, as follows: ''[t]he states, of course, are free to prescribe a reasonable period consistent with constitutional standards. * * *'' Pursuant to this authority our General Assembly enacted R. C. 2945.71 through 2945.73.

The rationale supporting these statutory provisions was to prevent inexcusable delays caused by indolence within the judicial system. The difficulties involved in drafting a statutory scheme to encompass the complexities of a *Barker* v. *Wingo, supra,* formulation, however, made it desirable for the General Assembly to develop simple rules of law, ones which in theory could be easily applied by the courts to divergent factual circumstances. The problems created by implementation of these simple rules, however, are common to all overly simplified laws; they are overbroad in that they tend to cover situations which were not originally contemplated by the legislators. It is for this reason, and because this area of law has traditionally been one of judicial preeminence, a preeminence

necessitated by our obligation to consider all factors relevant to the preservation of constitutional guarantees, that we have proceeded with some reluctance to follow legislative guidance in the area of speedy trials.

Although we have followed these legislative enactments in the past, we have done so with the understanding that these statutes have application only in those limited circumstances where the purpose of the legislation is furthered by judicial enforcement. Indeed, while it is clear that there may be situations wherein the statutes do not adequately afford the protection guaranteed by the federal and state constitutions, in which case it is our duty to see that an accused receives the protection of the higher authority, there will likewise be situations where we must find that the statutes have no applicability, despite their broad language, when legislative goals and judicial autonomy would be derogated by their enforcement. It is only with this understanding that we can justify our adherence to the General Assembly's formulation of the right to a speedy trial.

Appellant relies exclusively on the authority of *State v. MacDonald* (1976), 48 Ohio St. 2d 66. In *MacDonald*, the defendant had been released on bail in Cuyahoga County on the charge there pending. He was not brought to trial as scheduled due to his subsequent arrest and incarceration on federal charges in Mahoning County. A capias was issued and forwarded to Mahoning County. The defendant was convicted of the federal offense and sentenced to serve two years in federal prison. He then sought triple credit for the time spent in jail on the federal charges, up to the date he was turned over to Cuyahoga County authorities for trial. In denying him this credit, this court held in paragraph one of the syllabus that: "R. C. 2945.71 (D) is applicable only to those defendants held in jail in lieu of bail solely on the pending charge." Since the defendant was neither held "in lieu of bail" nor held "solely on the pending charge" for the time in question, he was not entitled to triple credit.

Appellant in the instant cause contends that because

the defendant was held on both the rape charge as well as the unauthorized use charge for the disputed period, *MacDonald* dictates that R. C. 2945.71(D) is inapplicable because the defendant was not being held "*solely* on the pending charge," the unauthorized use of a motor vehicle. (Emphasis added.) Appellee argues, in agreement with the Court of Appeals, that this court did not intend to apply *MacDonald* to all factual situations arguably invoking R. C. 2945.71(D), but rather only to those "situations where the court before whom the charge was pending could not have released the defendant from jail regardless of what bail it set."

It is this court's belief that *MacDonald* represented a situation beyond the contemplation of the General Assembly at the time the statute was originally enacted, whereby factual complications rather than tardiness within the judicial process reasonably accounted for the time lapse. It was thus clear that the facts as presented in *MacDonald* failed to trigger the stern requirement of automatic discharge in R. C. 2945.73 since legislative objectives would not be served by its enforcement. This court decided on a policy basis, however, to find the statute inapplicable, not on the ground that the legislative intent was absent where the justice system acts responsibly, but rather on the alternative ground that the statute should be understood to apply only to those defendants "in jail in lieu of bail *solely* on the pending charge." (Emphasis added.) The policy was to strictly enforce the statute in order to assure speedy trials in those cases where the system is at fault. But, where the system is without fault, we will not enforce these rigorous time limitations when a narrowing construction or a finding of total inapplicability of the statute on the facts would better comport with presumed legislative purpose.

We do not believe the test of *MacDonald* to be immutable. Situations may arise in which imposition of the *MacDonald* rule would in fact permit conduct intended to achieve delay within the judicial system, thus making it

inequitable to apply the rule.[4] However, we see no reason why the policy and rule of *MacDonald* should not be applied here. In both cases the defendant was held on two distinct charges. The fact that in *MacDonald* one charge was federal and the other state, whereas here both charges were by the state, does not justify our deviating from the rule at this time. We cannot concur with the holding of the Court of Appeals, a holding we believe would create too great an exception to the *MacDonald* rule. Surely a defendant held on several charges within the same jurisdiction for activities constituting a personal crime wave cannot be allowed to put the state into a position of having to try him on each count within 90 days. It is because of possible occurrences such as this which are difficult to anticipate that we hesitate to modify *MacDonald* in order to set forth an all-encompassing rule. It is sufficient to say that we do not agree with the Court of Appeals that the facts here were such as to justify a detour of *MacDonald*.

Therefore, the judgment of the Court of Appeals is reversed and the cause remanded to that court for further proceedings not inconsistent with this opinion.

*Judgment reversed, and cause remanded.*

LEACH, C. J., CELEBREZZE, SWEENEY and LOCHER, JJ., concur.

HERBERT, J., concurs in the syllabus and judgment. *State* v. *Pugh* (1978), 53 Ohio St. 2d 153, 155.

W. BROWN, J., dissents.

WILLIAM B. BROWN, J., dissenting. Relying on a curious reading of statutes and precedent and the novel argument that Ohio's speedy trial statutes need only be followed "in those cases where the system is at fault,"[5] the ma-

---

[4]Specifically, a prosecutor might add a frivolous charge to a meritorious one in order to invoke *MacDonald* and thus deny a defendant the benefit of R. C. 2945.71(D).

[5]The majority supports its holding with the statement that it will not enforce the time limitations of R. C. 2945.71(D) "where the sys-

jority opinion denies the full protection of Ohio's speedy trial statutes to incarcerated defendants awaiting trial on more than one felony charge. Since the majority's opinion is not supported by the language of the speedy trial provisions, the case law interpreting them or the legal concepts—particularly the presumption of innocence—underlying them, I must strongly dissent.

Under Ohio's speedy trial statutes an accused felon may be discharged if he is not brought to trial within 270 days after his arrest, and he is given triple credit for the days during that interim which he spends in jail "in lieu of bail on the pending charge." The defendant in the instant cause was arrested and charged with unauthorized use of a motor vehicle on June 11, 1976, and held in jail without bail on that charge for intermittent periods until he was brought to trial on that charge on December 7, 1976. Therefore, he should have been given triple credit, for discharge purposes, for any time between those dates spent in jail in lieu of bail. The majority opinion holds, however, that a jailed defendant will not be given triple credit for the days he was incarcerated if he is charged with offenses

---

tem is without fault." If the majority is attempting to introduce a fault standard into the application of these statutes, it does so against the clear weight of authority. The language of R. C. 2945.71 and its predecessor is and was mandatory, and this court has consistently held that those statutes must be complied with. In *State* v. *MacDonald, supra,* at pages 70-71, and in *State* v. *Singer* (1977), 50 Ohio St. 2d 103, at pages 105-106, the court stated as follows:

"In a series of cases, we have imposed upon the prosecution and the trial courts the mandatory duty of complying with R. C. 2945.71 through 2945.73. See, *e. g., State* v. *Pudlock* (1975), 44 Ohio St. 2d 104; *State* v. *Cross* (1971), 26 Ohio St. 2d 270; *State* v. *Gray* (1964), 1 Ohio St. 2d 21. We do so pursuant to our conclusion that the General Assembly's definition of the trial court's obligation to guarantee a speedy trial is a rational one which we will enforce. See *State* v. *MacDonald* (1976), 48 Ohio St. 2d 66, 71. This action implements the constitutional right to a speedy trial. *State* v. *Pudlock, supra,* at page 105."

In view of the extensive case law authority for mandatory compliance with the speedy trial provisions and the mandatory language of the statutes themselves, I submit that this is too late a date to introduce a fault standard into speedy trial cases.

in addition to the one which he seeks to have discharged as tardily brought to trial. The rationale for that holding is that an individual charged and jailed on more than one offense is not in jail "in lieu of bail on the pending charge."

The speedy trial statute does not support the majority's rationale.

R. C. 2945.71 provides, in pertinent part:

"(C) A person against whom a charge of felony is pending:

"* * *

"(2) Shall be brought to trial within two hundred seventy days after his arrest.

"(D) * * * each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days."

The meaning of R. C. 2945.71 is clear. An accused must receive triple credit, for purposes of the 270-day speedy trial deadline, for each day that he is held in jail in lieu of bail on "*the* pending charge"; *i. e.*, the pending felony charge (R. C. 2945.71[C]) subject to the 270-day deadline. The statute does not distinguish between persons held in jail in lieu of bail on one or more than one pending charge. (The word "a" in the phrase "a charge of felony" does not indicate number because "a " means "any" including "any one of many.") The majority cannot look to the language of the statute itself to justify its holding.

Precedent does not support the majority's holding either. The main authority relied on by the majority opinion, *State* v. *MacDonald* (1976), 48 Ohio St. 2d 66, is inapposite. That case interprets the current speedy trial provisions, and paragraph one of its syllabus would appear to support the majority's holding. However, once the syllabus of *State* v. *MacDonald, supra*, is read in light of the facts of that case, it becomes clear that it also does not support the proposition that a defendant held in jail in lieu of bail on more than *one* pending charge cannot be afforded the protection of the speedy trial statute.

Paragraph one of the *MacDonald* syllabus provides:

"R. C. 2945.71(D) is applicable only to those defendants held in jail in lieu of bail solely on the pending charge."

Under that syllabus, the majority finds the defendant is not entitled to the protection of R. C. 2945.71(D) because "[i]n both cases [*MacDonald* and the instant cause] the defendant was held on two distinct charges," and "the fact that in *MacDonald* one charge was federal and the other state * * * does not justify our deviating from the rule at this time."

The majority arrives at that conclusion only by blindly invoking the language of the *MacDonald* syllabus, and by ignoring the reasoning upon which *MacDonald* was decided.

In *MacDonald*, the defendant was in jail on a *federal conviction* at the same time that the state charge he sought to have dismissed was pending against him. When the *MacDonald* opinion applied the speedy trial statute to that situation, it found the prerequisites of triple credit under R. C. 2945.71 to be, at page 69, as follows: "(1) being held in jail 'in lieu of bail' and (2) being held in jail 'on the pending charge.'" Since the federal conviction barred the defendant from bail on the pending charge, the defendant was not held in jail on that charge "in lieu of bail," and the first prerequisite of R. C. 2945.71(D) was not met. Thus, it was unnecessary for the court to address the question of the second prerequisite and to read the word "solely" into a statute in which it did not appear. I submit, therefore, that, when the *MacDonald* syllabus is properly read in light of the facts and reasoning of the *MacDonald* case, the word "solely" is superfluous, and the majority's reliance on it is misplaced.*

*Earlier cases also using the word "solely" in their interpretation of former speedy trial provisions are inapposite because they do not deal with defendants incarcerated without bail on two offenses in the same county. (In *State* v. *Gray* [1964], 1 Ohio St. 2d 21, the defendant had only one charge pending against him, and in *State, ex rel. Hodges,* v. *Coller* [1969], 19 Ohio St. 2d 164, and *State* v. *Fairbanks* [1972], 32 Ohio St. 2d 34, the defendants were either confined in another county or they were under sentence for other offenses while they were also allegedly denied a speedy trial on unrelated charges.)

The majority's holding also runs contrary to the principles underlying the concept of speedy trial. Historically, the right to a speedy trial has been equated with the prevention of lengthy pre-trial detention—a detention which is neither necessary nor justified if an accused is truly presumed to be innocent before he is convicted. Although this court certainly sanctions that presumption, the majority runs the risk of eroding it when it adopts the above decision. (One effect of the majority holding, for instance, is to allow the state to charge an individual with several offenses and, after doing so, to hold the accused in jail continually for a series of 90-day intervals until he is convicted of one of the charges or freed on all of them. Indeed, the more successful an accused is at proving himself innocent, the longer he might be held in jail in pre-trial incarceration.)

Given the fact that the majority holding allows the presumption of innocence to be undercut and that it is without statutory or case law support, I must dissent.

