OPINION
{¶ 1} The State of Ohio appeals from the trial court's dismissal of aggravated riot charges against Calvin Johnson on speedy trial grounds. The facts underlying this appeal are not in dispute, the legal resolution of it is.
 {¶ 2} Calvin Johnson was arrested in Dayton on February 15, 2005 and booked into the Montgomery County jail on charges of inciting to riot and possession of marijuana. Released from the jail the next day, he was given a summons to appear in Dayton Municipal Court on February 25, 2005 on the marijuana charge. He did not do so, and on March 4, 2005, the Court issued a capias for his arrest. The case number on the misdemeanor marijuana charge was No. 05 CRM 01401.
 {¶ 3} Meanwhile on February 24, 2005, Dayton Detective Roderick Jones filed a complaint in Dayton Municipal Court charging Johnson with aggravated riot in Case No. 05CRB1653. On March 7, 2005, he was arrested on the felony riot case and on the capias for his failure to appear on the misdemeanor charge, and he was booked back into the jail. On March 10, 2005, Dayton Municipal Court set bail on the marijuana charge at OR and at $10,000 on the felony. His preliminary hearing, first set for March 17 at 9:30 a.m., was continued to March 21, in Dayton Municipal Court after defense counsel discovered a conflict of interest. On March 21, Johnson appeared with new counsel, waived his preliminary hearing, and obtained an order for his release on COR/EHDP. Johnson was released from the jail on March 24, 2005. On April 4, 2005, the Montgomery County Grand Jury returned an indictment charging him with aggravated riot in this case, 2005 CR 755.
 {¶ 4} Johnson pled guilty to the marijuana case in Dayton Municipal Court on April 25, 2005 and was sentenced to time served. On April 26, 2005, Johnson filed a motion to suppress in this case, which the court heard on June 10 and denied on June 14. Docket Entry No. 8, 12. Meanwhile, Johnson found himself back in jail on June 15, arrested on a warrant arising from his violations of the terms of his release on EHDP. Tr., p. 10. On June 28, 2005, the court issued an order setting trial for August 29, 2005. Docket Entry No. 18.
 {¶ 5} On Thursday, August 18, 2005, the State asked the court to reset the trial for August 22, to avoid discharge under R.C.2945.73(B), and the Court agreed to do so. Docket Entry No. 23. The State was ready to proceed on August 22, but Johnson filed a motion to dismiss the indictment that morning. Docket Entry No. 24. The court immediately held a hearing, allowed briefing, and eventually granted the motion. Docket Entry No. 29.
 {¶ 6} In dismissing the indictment, the trial court made the following observations and findings:
 {¶ 7} "The Court must make determinations in regard to what periods of time are tolled under R.C. Section 2945.72(H) from the calculation of the speedy trial provisions and what days the Defendant is entitled to a triple-count of days as compared to a one-for-one credit.
 {¶ 8} "However, prior to entering into the Court's calculation, it would like to resolve several issues. First, the Defendant contends that he was entitled to a triple-count during the first few days of incarceration in March because there was no other criminal charges pending against the Defendant, in that the Defendant was only charged with a minor misdemeanor charge. This contention is not correct. The Defendant was in fact being held not under a minor misdemeanor charge but on a warrant issued by the Dayton Municipal Court for failure to appear. Thus, R.C. Section 2945.71(E) does not apply because Defendant was being held in custody pursuant to other charges, i.e. failure to appear. State v. Brown (1992), 64 Ohio St.3d; State v. Ladd
(1978), 56 Ohio St.2d 197. In addition, he further fails to deduct days caused by his own motions.
 {¶ 9} "Therefore, the Court calculates the speedy trial time in this matter as follows:
 {¶ 10} "2 days: 3/8/05 (day after arrest) to 3/9/05 (day before Defendant released on Dayton Municipal Court warrant issued on 3/4/05 for failure to appear on Possession of Marijuana [minor misdemeanor] warrant) (1:1) (See Exhibit "A" attached to Defendant's Supplemental Motion.)
 {¶ 11} "21 days: 3/10/05 to 3/16/05 (day before Defendant's continuance of preliminary hearing). (3:1) (See Exhibit "A" to State's Response Memo.)
 {¶ 12} "0 days: 3/17/05 (continuance of preliminary hearing) to 3/20/05 (day prior to preliminary hearing).
 {¶ 13} "12 days: 3/21/05 (preliminary hearing) to 3/24/05 (date of actual release from County Jail on `CONDITIONAL OWNRECOGNIZANCE-ELECTRONIC HOME DETENTION PROGRAM') (3:1) (See Exhibit "B" authenticated jail records attached to Defendant's Motion to Dismiss.)
 {¶ 14} "32 days: 3/25/05 (day after release) to 4/25/05 (day before filing of Defendant's Motion to Suppress). (1:1).
 {¶ 15} "0 days: 4/26/05 (motion to suppress filed) to 6/13/05 (day before decision on Motion to Suppress).
 {¶ 16} "1 day: 6/14/05 (day of decision on Motion to Suppress filed).
 {¶ 17} "204 days: 6/15/05 (date offender arrested on capias upon revocation of `CONDITIONAL OWN RECOGNIZANCE-ELECTRONIC HOMEDETENTION PROGRAM') to 8/21/05 (day before Motion to Dismiss filed) (3:1).
 {¶ 18} "Total: 272 days.
 {¶ 19} "The Court, in considering the `B' indictment, finds that the time calculation above applies to this Indictment along with the `A' Indictment. It is clear from reviewing the Indictments that the new Indictment is premised on the same underlying facts alleged in the previous Indictment, and as such, the proper point to begin running of the speedy trial period is the same as that of the `A' Indictment. State v. Broughton
(1991), 62 Ohio St.3d 253.
 {¶ 20} "It should be noted that the Court has accepted the calculations as set forth by the State, except in regard to the one-for-one calculation used by the State regarding the Defendant's release on the `CONDITIONAL OWNRECOGNIZANCEE-LECTRONIC HOME DETENTION PROGRAM.' It is clear that even though Judge Cannon signed the Entry on March 21, 2005, the Defendant in fact was not released from jail until March 24, 2005. R.C. Section 2945.71(C)(2) requires the Court to consider the days that the accused is actually held in jail in lieu of bail until the Defendant was actually released from jail. He was not placed under the `CONDITIONAL OWN RECOGNIZANCE-ELECTRONICHOME DETENTION PROGRAM' bond, but being held on the original $10,000 cash or surety bond until his release from jail. This is a situation where the calculation of jail time is reflected from the jail records and not from the Court's dockets. When a defendant is released on `Electronic Home Detention,' prior to his release from jail it is necessary that there be an activated telephone at the residence where the Defendant is being detained. If there is no active telephone line at the residence, the accused cannot be released on `Electronic Home Detention' until a line has been installed. Therefore, the actual date of release of a Defendant on `Electronic Home Detention' can only be verified by contacting the Electronic Home Detention Probation Officer or reviewing the jail logs to see when the Defendant was released from custody.
 {¶ 21} "The Court, having counted the number of days chargeable to each side and deducting those days which are tolled pursuant to R.C. Section 2945.72, finds that the time exceeds the time limits under R.C. Section 2945.71 by two (2) days as of the date before the Defendant's filing of his Motion to Dismiss. Therefore, the Defendant's Motion to Dismiss is well taken."
 {¶ 22} In its sole assignment of error, the State contends the trial court erred in dismissing Johnson's indictment on statutory speedy trial grounds. The State contends the trial court erred in making its calculation that August 22, 2005 was the 272nd day from Johnson's arrest. The State contends that using the court's computation the 270th day fell on a Saturday and therefore pursuant to Crim.R. 45(A) the last day or the 270th day from Johnson's arrest was August 22, 2005. Johnson contends the trial court's decision should be affirmed because 288 days elapsed from the date of this arrest for speedy trial purposes as of August 22, 2005 when his motion to dismiss was filed.
 {¶ 23} A person against whom a charge of felony is pending must be brought to trial within 270 days of his arrest. R.C.2945.71(C)(2). Under R.C. 2945.71(E), each day during which the person is held in jail solely on the pending charges is to be counted as three days for purposes of R.C. 2945.71(C)(2). If a person charged with an offense is not brought to trial within the time required, the court must discharge him, upon timely motion by the counsel. R.C. 2945.73(B). Such a discharge bars further criminal proceedings against him based on the same criminal conduct. R.C. 2945.73(D).
 {¶ 24} Crim.R. 45(A) sets out the rules for counting time:
 {¶ 25} "In computing any period of time prescribed or allowed by these rules, by the local rules of any court, by order of court, or by any applicable statute, the date of the act or event from which the designated period of time begins to run shall not be included. The last day of the period so computed shall beincluded, unless it is a Saturday, Sunday, or legal holiday, inwhich event the period runs until the end of the next day whichis not Saturday, Sunday, or legal holiday. When the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in computation." (Emphasis added).
 {¶ 26} Under the trial court's calculations with which we agree, only 263 days elapsed on the Friday before trial which was August 19, 2005. Saturday and Sunday are not counted under the rule and thus August 22 was the last day to bring the defendant to trial. The motion to dismiss was filed on the 270th day. The motion to dismiss should have been overruled. The State's assignment of error is well-taken. The Judgment of the trial court is Reversed and Remanded for further proceedings.
Grady, P.J., and Donovan, J., concur.