[Cite as *State v. Cumbow*, 2018-Ohio-2876.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| TODD C. CUMBOW | : | Case No. 17-CA-92 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Licking County
Municipal Court, Case No.
17TRD11259



JUDGMENT:    Affirmed



DATE OF JUDGMENT:    July 20, 2018



APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

TRICIA M. MOORE                      SAMUEL H. SHAMANSKY
Assistant Law Director                 DONALD L. REGENSBURGER
40 W. Main Street                        COLIN E. PETERS
Newark, Ohio 43055                    523 South Third Street
                                                Columbus, Ohio 43215

*Baldwin, J.*

{¶1}   Defendant-appellant Todd C. Cumbow appeals his conviction and sentence from the Licking County Municipal Court. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}   On September 13, 2017, appellant was charged with speeding in violation of R.C. 4511.21, a minor misdemeanor. The complaint alleged that appellant was driving 62 miles per hour in a 45 mile per hour zone. Appellant, on September 19, 2017, filed a written plea of not guilty and demand for trial.  In the same, he indicated that he was not waiving his right to a speedy trial. A bench trial was scheduled for October 4, 2017.

{¶3}   Thereafter, on September 29, 2017, the State filed a motion for a continuance of the trial on the basis that Ohio State Highway Patrol Trooper Untied, the citing officer, would not be available for trial.  The motion stated that appellant's counsel objected to the request for a continuance.  Pursuant to an Entry filed on October 2, 2017, the trial was continued until October 25, 2017 due to the Officer's unavailability.  The trial court, in its Entry, found that the request for a continuance was reasonable pursuant to R.C. 2945.72(H) and that the speedy trial time tolled.

{¶4}   Just prior to commencement of trial on October 25, 2017, counsel for appellant moved for a dismissal pursuant to Crim.R. 48 on speedy trial grounds, arguing that the State had not demonstrated good cause for the continuance. The State, in response, argued, in relevant part, as follows:

{¶5}   MRS. MOORE:  Thank you, Your Honor.  What is the common procedure with our Courts, is that when the troopers are on vacation or unavailable for court dates, they send notice to both the Courts and the Law Director's office. This was done by

Trooper Untied on August 9, 2017. It was dated, actually, August 8th, 2017, indicating to the Courts the day that he was unavailable. This should be filed with the Court. Based on that request, we did ask for Trooper Untied - - for a continuance because he is the only witness in the case and he was unavailable for trial. The Court granted that continuance, finding in its entry that it was reasonable pursuant to 2945.72. We believe that this, therefore, does toll time and we are well within the 30 days to bring this court case to trial.

{¶6} THE COURT: Okay. Anything else?

{¶7} MR. REGENSBERGER [Counsel for Appellant]: Your Honor, I'm unaware if there's any such letter in the Court's file. Maybe there is, maybe there isn't. I certainly don't believe that the State has any reason to mislead the Court about it. It certainly wasn't attached to the motion, but if it's in the court file, it's in the court file.

{¶8} MRS. MOORE: I believe it's filed - -

{¶9} THE COURT: Well, I just signed a continuance this morning on another case where there - - where there was such a letter but - -

{¶10} MRS. MOORE: I believe it's kept with the Court's secretary, perhaps. I have a copy of the letter. Typically, if the Court has not received a letter from the officer, then they deny our continuances.

{¶11} Addition to Trial Transcript at 3.

{¶12} The trial court then took a recess to look into the matter. After the recess, the trial court overruled the motion to dismiss stating that it had a document in front of it that contained a file stamp of August 9, 2017 showing that the Trooper was unavailable on October 4, 2017.

{¶13} Following the trial on October 25, 2017, appellant was found guilty and ordered to pay a $50.00 fine and court costs.

{¶14} Appellant now raises the following assignment of error on appeal:

{¶15} "I. THE TRIAL COURT ERRED BY CONTINUING APPELLANT'S TRIAL BEYOND THE TIME PROVIDED BY R.C. 2945.71. ET SEQ., IN VIOLATION OF HIS RIGHTS AS GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTIONS."

I

{¶16} Appellant, in the case sub judice, argues that his speedy trial rights were violated. He notes that he was served with the summons on September 13, 2017 and that, pursuant to R.C. 2945.71, it was necessary for him to be brought to trial on or before October 13, 2017. He argues that the instant case should have been dismissed due to the trial court's denial of his right to a speedy trial. We disagree.

{¶17} Speedy trial provisions are mandatory and are encompassed within the Sixth Amendment to the United States Constitution. The availability of a speedy trial to a person accused of a crime is a fundamental right made obligatory on the states through the Fourteenth Amendment. *State v. Ladd,* 56 Ohio St.2d 197, 383 N.E.2d 579 (1978).Our review of a trial court's decision regarding a motion to dismiss based upon a violation of the speedy trial provisions involves a mixed question of law and fact. *State v. Larkin,* 5th Dist. Richland No.2004–CA–103, 2005–Ohio–3122, ¶ 11. Due deference must be given to the trial court's findings of fact if supported by competent, credible evidence. *Id.* However, we must independently review whether the trial court properly applied the law to the facts of the case. *Id.* Furthermore, when reviewing the legal issues presented in a

speedy trial claim, an appellate court must strictly construe the relevant statutes against the state. *Brecksville v. Cook,* 75 Ohio St.3d 53, 57, 1996–Ohio–171, 661 N.E.2d 706.

**{¶18}** A person charged with a minor misdemeanor must be brought to trial within thirty days unless the right to a speedy trial is waived. R.C. 2945.71(A). If a person is held in jail in lieu of bond, then each day that the suspect is in custody counts as three days. R.C. 2945.71(E). Pursuant to R.C. 2945.73, a person who is not brought to trial within the proscribed time periods found in R.C. 2945.71 and R.C. 2945.72 "shall be discharged" and further criminal proceedings based on the same conduct are barred. "When reviewing a speedy-trial issue, an appellate court must calculate the number of days chargeable to either party and determine whether the appellant was properly brought to trial within the time limits set forth in R.C. 2945.71." *State v. Riley,* 162 Ohio App.3d 730, 2005–Ohio–4337, 834 N.E.2d 887, ¶ 19 (12th Dist.).

**{¶19}** Under R.C. 2945.72(H), continuances granted on the state's motion will toll the running of speedy trial time if the continuance is reasonable and necessary under the circumstances of the case. *State v. Saffell*, 35 Ohio St.3d 90, 91, 518 N.E.2d 934 (1988). The record must affirmatively demonstrate that the continuance was reasonable and necessary. *Id.* A continuance must be journalized before the expiration of the time limit specified in R.C. 2945.71. *State v. King*, 70 Ohio St.3d 158, 1994-Ohio-412, 162, 637 N.E.2d 903, citing *State v. Mincy*, 2 Ohio St.3d 6, 441 N.E.2d 571 (1982), syllabus. The reasonableness of a continuance is determined by examining the purpose and length of the continuance as specified in the record. *State v. Lee*, 48 Ohio St.2d 208, 210, 357 N.E.2d 1095 (1976).

**{¶20}** In the case *sub judice,* the trial court granted the State's request for a continuance because Trooper Drew Untied, the citing officer, was unavailable to testify on October 4, 2017. The Ohio Supreme Court held, in *Saffell,* that a continuance based on the fact that the arresting officer would be on vacation at the time of trial was not unreasonable. *Id.* at 92. We find the trial court's decision to grant the state a continuance due to the unavailability of Trooper Untied was reasonable and necessary and therefore, tolled the running of speedy trial time under R.C. 2945.72(H).  We note that Trooper Untied had notified the trial court prior to the trial date being assigned of his unavailability on October 4, 2017.  Furthermore, the trial court granted the State's request for a continuance prior to the expiration of the 90 day deadline.

**{¶21}**  Appellant's sole assignment of error is, therefore, overruled.

**{¶22}**  Accordingly, the judgment of the Licking County Municipal Court is affirmed.

By: Baldwin, J.

Gwin, P.J. and

John Wise, J. concur.