[Cite as *State v. Graves*, 2022-Ohio-4130.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Earle E. Wise, Jr., P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| TYE GRAVES | : | Case No. 22 COA 001 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:         Appeal from the Court of Common
                                 Pleas, Case No. 20 CRI 235

JUDGMENT:                        Affirmed

DATE OF JUDGMENT:                November 17, 2022

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

CHRISTOPHER R. TUNNELL                    DONALD GALLICK
NADINE HAUPTMAN                           190 North Union Street, #102
110 Cottage Street, Third Floor           Akron, OH  44304
Ashland, OH  44805

*Wise, Earle, P.J.*

{¶ 1}   Defendant-Appellant Tye Graves appeals the August 11, 2021 judgment of the Ashland County Court of Common pleas which denied his motion to suppress as well as his motion to dismiss on speedy trial and double jeopardy grounds. Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   This case arose from a traffic stop which took place on January 2, 2020. On that day Ohio State Highway Patrol Trooper Richard Kluever stopped appellant herein after radar indicated appellant was traveling between 79 and 80 miles per hour in a 60 mile per hour zone.

{¶ 3}   When Kluever approached appellant's vehicle he immediately detected the odor of burnt marijuana. Kluever advised appellant he had been stopped for speeding and asked for appellant's driver's license and proof of insurance which appellant provided.

{¶ 4}   Kluever asked appellant about marijuana use and appellant stated he did not use marijuana. He first blamed the odor emanating from the car on other people he had transported in his car, but eventually admitted he had a small bag of marijuana in the car. Kluever removed appellant from his car, patted him down and placed him in his cruiser. He then searched appellant's car based on the odor of marijuana.

{¶ 5}   Appellant told Kluever the marijuana was in a bookbag in the trunk, but nothing was found in the trunk. In the passenger compartment, however, Kluever found a bookbag containing 18 vape pen cartridges marked "Dank vape cartridges." An additional cartridge was located on the dashboard. In Kluever's training and experience,

these cartridges contain THC, the main psychoactive compound in marijuana, in the form of a liquid hashish-like substance.

{¶ 6}   Kluever administered standardized field sobriety testing which appellant performed poorly. Appellant was transported to the Ashland State Highway Patrol Post where he provided a urine sample. Appellant's urine was later determined to contain at per se level of at least 35 nanograms of marijuana metabolite per milliliter. Laboratory testing also confirmed the vape cartridges found in appellant's vehicle contained hashish oil.

{¶ 7}   On January 6, 2020, a complaint was filed in the Ashland County Municipal Court charging appellant with speeding in violation of R.C. 197(D)(2) and operating a vehicle under the influence of drugs or alcohol (OVI) in violation of R.C. 4511.19(A)(1)(a). On February 4, 2020, appellant was additionally charged with OVI based on the presence of at least 35 nanograms of marijuana metabolite per millimeter in urine in violation of R.C. 4511.19(A)(1)(j)(viii)(II), Ohio's marijuana per se statute.

{¶ 8}   On February 28, 2020, appellant pled guilty to OVI in violation of R.C. 4511.19(A)(1). The remaining charges were dismissed. Appellant was sentenced to one year probation, a one year operator's license suspension, and a 30-day jail sentence with 27 days suspended. On February 27, 2021, appellant successfully completed his probation.

{¶ 9}   On December 11, 2020, the Ashland County Grand Jury returned an indictment charging appellant with one count of possession of hashish in violation of R.C. 2925.11(A), 2925.11(C)(7)(d), a felony of the third degree.

{¶ 10} On February 19, 2021, appellant filed two motions; a motion to suppress and a motion to dismiss on both speedy trial and double jeopardy grounds. Appellant's motion to suppress challenged the warrantless search of his vehicle and bookbag. Appellant's motion to dismiss argued the delay in the felony indictment constituted a violation of his right to a speedy trial and that he was being placed in jeopardy for a second time based on the drugs found in his car.

{¶ 11} A hearing was held on appellant's motions on July 12, 2021. On August 11, 2021, the trial court denied appellant's motions by judgment entry.

{¶ 12} On October 29, 2021, appellant entered a plea of guilty to possession of hashish, a felony of the third degree.[1] Following a presentence investigation appellant was sentenced to a term of community control.

{¶ 13} Appellant filed an appeal and the matter is now before this court for consideration. He raises three assignments of error as follow:

I

{¶ 14} "THE TRIAL COURT ERRED BY DENYING THE MOTION TO DISMISS ON STATUTORY SPEEDY TRIAL GROUNDS AS 340 DAYS OCCURRED BETWEEN THE JANUARY 6, 2020 MISDEMEANOR CASE AND DECEMBER 11, 2020 FELONY INDICTMENT."

II

---

[1] How appellant pled is not clear. The briefs of both appellant and the state indicate appellant pled guilty to the offense, appellant's written plea agreement indicates he entered a plea of no contest, and the sentencing judgment entry indicates appellant pled guilty.

{¶ 15} "THE TRIAL COURT ERRONEOUSLY FAILED TO FIND THAT THE FELONY INDICTMENT VIOLATED DEFENDANT'S CONSTITUTIONAL PROTECTIONS AGAINST DOUBLE JEOPARDY."

III

{¶ 16} "THE TRIAL COURT ERRONEOUSLY DENIED THE MOTION TO SUPPRESS AND THE LAW ENFORCEMENT OFFICER SEARCHED A CLOSED CONTAINER WITHOUT A WARRANT AND WHILE THE DEFENDANT WAS DETAINED IN THE BACK OF THE PATROL VEHICLE AND THE SEARCH WAS NOT A LAWFUL INVENTORY SEARCH"

I

{¶ 17} In his first assignment of error, appellant argues the felony indictment violated his right to a speedy trial. We disagree.

Applicable Law

{¶ 18} Speedy-trial provisions are mandatory and are encompassed within the Sixth Amendment to the United States Constitution. The availability of a speedy trial to a person accused of a crime is a fundamental right made obligatory on the states through the Fourteenth Amendment. *State v. Ladd*, 56 Ohio St.2d 197, 200, 383 N.E.2d 579 (1978). "The statutory speedy trial provisions, R.C. 2945.71 et seq., constitute a rational effort to enforce the constitutional right to a public speedy trial of an accused charged with the commission of a felony or a misdemeanor and shall be strictly enforced by the courts of this state." *State v. Pachay*, 64 Ohio St.2d 218, 416 N.E.2d 589, syllabus (1980).

{¶ 19} A speedy-trial claim involves a mixed question of law and fact. *State v. Hickinbotham*, 5th Dist. Stark No. 2018CA000142, 2019-Ohio-2978, 2019 WL 4780988,

¶ 26, citing *State v. Jenkins*, 5th Dist. Stark No. 2009-CA-00150, 2010-Ohio-2719, ¶ 31, citing *State v. Larkin*, 5th Dist. Richland No. 2004-CA-103, 2005-Ohio-3122. As an appellate court, we must accept as true any facts found by the trial court and supported by competent, credible evidence. *Id.* With regard to the legal issues, however, we apply a de novo standard of review and thus freely review the trial court's application of the law to the facts. *Id.*

{¶ 20}  R.C. 2945.71(C)(2) requires "[a] person against whom a charge of felony is pending * * * be brought to trial within two hundred seventy days after his arrest."

{¶ 21} Speedy trial time is tolled by those events listed in R.C. 2945.72. These events include "[a]ny period of delay necessitated by reason of a * * * motion * * * made or instituted by the accused," under R.C. 2945.72(E), or during "[t]he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion," under R.C. 2945.72(H).

{¶ 22}  Relevant to the time line in this matter, "[t]he Ohio Attorney General has opined that courts may suspend jury trials to prevent the spread of the corona virus and they may do so consistent with state and federal speedy-trial obligations." *In re Disqualification of Paris*, 161 Ohio St.3d 1285, 2020-Ohio-6875, 164 N.E.3d 509, ¶5; quoting *In re Disqualification of Fleegle*, 161 Ohio St.3d 1263, 2020-Ohio-5636, 163 N.E.3d 609, ¶7; citing 2020 Atty.Gen.Ops. No. 2020-002. In *Fleegle*, the Ohio Supreme Court held that trial judges have the authority to continue trials on a case-by-case basis without violating speedy-trial requirements and continuing a trial because of a pandemic state emergency is reasonable under R.C.2945.72(H). Id.

{¶ 23}  When reviewing a speedy trial question, an appellate court must count the number of delays chargeable to each appellant and appellee. Next, the appellate court must determine whether the number of days not tolled exceeded the time limits under R.C. 2945.71. *State v. Ferrell*, 8th Dist. Cuyahoga No. 93003, 2010-Ohio-2882, ¶20. When reviewing legal issues presented in a speedy trial claim, we must strictly construe the relevant statutes against the state. *Brecksville v. Cook*, 75 Ohio St.3d 53, 57, 661 N.E.2d 706, 709 (1996); *State v. Colon*, 5th Dist. Stark No. 09-CA-232, 2010-Ohio-2326, ¶12.

### Analysis

{¶ 24} Neither appellant nor the state provide this court with a speedy trial calculation. Even more concerning, however, the record in this matter presents an issue that neither party addresses – the judgment entry appealed from indicates appellant pled guilty. Appellant's written change of plea indicates he intended to enter a plea of no contest, and the change-of-plea entry indicates a plea of no contest. But before sentencing appellant filed a sentencing memorandum and the memorandum indicates he pled guilty. Defendant's Sentencing Memorandum filed December 6, 2021. What is more, both appellant's and appellee's briefs here on appeal indicate appellant entered a plea of guilty. Appellant's brief at 2, appellee's brief at 8. Further compounding the problem, the record contains no transcript of the plea hearing and no motion for a nunc pro tunc sentencing entry.

{¶ 25} It is well settled that a court speaks only through its judgment entry. *State v. King*, 70 Ohio St.3d 158, 162, 1994-Ohio-412, 637 N.E.2d 903. It is also well settled that if a defendant enters a guilty plea, such plea "waives a defendant's right to challenge

his or her conviction on statutory speedy trial grounds." *State v. Kelly*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991), paragraph one of the syllabus.

{¶ 26} We find, based on the state of the record before us, and the fact that the judgment entry appealed from states appellant pled guilty, that appellant has waived his right challenge his conviction on speedy trial grounds.

{¶ 27} The first assignment of error is overruled.

II

{¶ 28} In his second assignment of error, appellant argues the trial court erred by failing to dismiss the felony indictment of double jeopardy grounds. We disagree.

{¶ 29} We review de novo, a denial of a motion to dismiss an indictment on double jeopardy grounds. *State v. Mullins*, 5th Dist. Fairfield No. 12 CA 17, 2013-Ohio-1826, ¶ 13 citing *State v. Betts*, 8th Dist. Cuyahoga No. 88607, 2007-Ohio-5533, ¶ 20.

{¶ 30} The Fifth Amendment to the United States Constitution provides that "[n]o person shall * * * be subject for the same offence to be twice put in jeopardy of life or limb." Similarly, Section 10, Article I, Ohio Constitution provides, "No person shall be twice put in jeopardy for the same offense."

{¶ 31} The Supreme Court of Ohio, in *State v. Best*, 42 Ohio St.2d 530, 533, 330 N.E.2d 421 (1975), explained that "the fact that the indictment was brought in the name of the state of Ohio, and the other * * * charges in the name of the city * * *, does not affect the claim of double jeopardy. * * * [T]he state and the city are parts of a single sovereignty, and double jeopardy stands as a bar to a prosecution by one, after an accused has been in jeopardy for the same offense in a prosecution by the other."

{¶ 32} To determine whether an accused is being successively prosecuted for the "same offense," the *Best* court adopted the "same elements" test pronounced in *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932), and held:

> The applicable rule under the Fifth Amendment is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not. A single act may be an offense against two statutes, and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.

{¶ 33} *Best* at paragraph three of the syllabus.

{¶ 34} Later, in *State v. Thomas*, 61 Ohio St.2d 254, 259, 400 N.E.2d 897 (1980), overruled on other grounds in *State v. Crago*, 53 Ohio St.3d 243, 559 N.E.2d 1353 (1990), syllabus, the court explained:

> This test focuses upon the elements of the two statutory provisions, not upon the evidence proffered in a given case. *Brown*, supra, 432 U.S. at page 166, 97 S.Ct. at page 2225; *Iannelli v. United States*

(1975), 420 U.S. 770, 785, at n. 17, 95 S.Ct. 1284, 1293, 43 L.Ed.2d 616. Accordingly, if each statute requires proof of an additional fact which the other does not, the state is not prohibited from seeking a conviction and punishment under both statutes in the same trial. *Gavieres v. United States* (1911), 220 U.S. 338, 342-343, 31 S.Ct. 421, 422-423, 55 L.Ed. 489. Conversely, when the Blockburger test is not satisfied, the state is not permitted to seek multiple punishments.

{¶ 35} Appellant was convicted of OVI in violation of R.C. 4511.19(A)(1)(a) which required the state to prove appellant operated a motor vehicle while under the influence of drugs, alcohol, or a combination of drugs and alcohol. Appellant was also convicted of possession of hashish in violation of R.C. 2925.11(A) and (C)(7)(d) which required the state to prove appellant knowingly obtained or possessed a controlled substance, specifically hashish, in an amount that equaled or exceeded ten grams but was less than fifty grams of hashish in a liquid concentrate, liquid extract, or liquid distillate form.

{¶ 36} In applying *Blockberger*, we find operating a vehicle under the of drugs and possession of hashish constitute separate violations of distinct statutory provisions, each requiring proof of a fact which the other did not.

{¶ 37} The second assignment of error is overruled.

III

{¶ 38} In his final assignment of error, appellant argues the trial court erred in denying his motion to suppress. We disagree.

Standard of Review

{¶ 39} As stated by the Supreme Court of Ohio in *State v. Leak*, 145 Ohio St.3d 165, 2016-Ohio-154, 47 N.E.3d 821, ¶ 12:

> "Appellate review of a motion to suppress presents a mixed question of law and fact." *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. In ruling on a motion to suppress, "the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *Id.*, citing *State v. Mills*, 62 Ohio St.3d 357, 366, 582 N.E.2d 972 (1992). On appeal, we "must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Id.*, citing *State v. Fanning*, 1 Ohio St.3d 19, 20, 437 N.E.2d 583 (1982). Accepting those facts as true, we must then "independently determine as a matter of law, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." Id.

{¶ 40} As the United States Supreme Court held in *Ornelas v. U.S.*, 517 U.S. 690, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 94 (1996), "…as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."

{¶ 41} The instant matter presents a determination of probable cause, which we review de novo.

Warrantless Search of Appellant's Vehicle and Backpack

{¶ 42} Appellant argues the warrantless search of his vehicle and backpack were violations of his Fourth Amendment rights. Generally, "[f]or a search or seizure to be reasonable under the Fourth Amendment, it must be based upon probable cause and executed pursuant to a warrant." *State v. Moore*, 90 Ohio St.3d 47, 49 734 N.E.2d 804 (2000).

{¶ 43} An exception to the warrant requirement is the automobile exception, which "allows police to conduct a warrantless search of a vehicle if there is probable cause to believe that the vehicle contains contraband and exigent circumstances necessitate a search or seizure." *State v. Mills*, 62 Ohio St.3d 357, 367, 582 N.E.2d 972 (1992), citing *Chambers v. Maroney*, 399 U.S. 42, 48, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). A vehicle's mobility is the traditional exigency for the automobile exception to the warrant requirement. *Id.*, citing *California v. Carney*, 471 U.S. 386, 393, 105 S.Ct. 2066, 85 L.Ed.2d 406 (1985). Therefore, "[i]f a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment * * * permits police to search the vehicle without more." *Pennsylvania v. Labron*, 518 U.S. 938, 940, 116 S.Ct. 2485, 135 L.Ed.2d 1031 (1996), citing *Carney* at 393.

{¶ 44} Additionally, "the smell of marijuana, alone, by a person qualified to recognize the odor, is sufficient to establish probable cause to search a motor vehicle, pursuant to the automobile exception to the warrant requirement. There

need not be other tangible evidence to justify a warrantless search of the vehicle." *Id.* at 48. See also *State v. Farris*, 109 Ohio St.3d 519, 2006-Ohio-3255 (reaffirming that the smell of marijuana in the passenger compartment of a vehicle establishes probable cause for a warrantless search of the passenger compartment, but not of the trunk). " 'When there is probable cause to search for contraband in a car, it is reasonable for police officers * * * to examine packages and containers without a showing of individualized probable cause for each one.' " *State v. Vega*, 154 Ohio St.3d 569, 2018-Ohio-4002 116 N.E.3d 1262 ¶ 14 quoting *Wyoming v. Houghton*, 526 U.S. 295, 302,119 S.Ct. 1297, 143 L.Ed.2d 408 (1999).

{¶ 45} Appellant does not mention the automobile exception or *Moore* at all. Instead he argues the search of a closed container without a warrant is constitutionally impermissible when the search was not a lawful inventory search. To support his argument, he compares this matter to cases which do not involve an odor of marijuana and are therefore factually distinguishable from the instant matter. Moreover, this was not an inventory search. The trial court specifically found that under the totality of the circumstances, there was probable cause to search appellant's vehicle and that appellant's reliance on a case involving an inventory search was misplaced. Judgment Entry filed August 11, 2021.

{¶ 46} As noted in our statement of facts, upon approaching appellant's vehicle, Trooper Kluever immediately detected the odor of marijuana coming from appellant's car. Transcript of suppression hearing (T.) at 11. Kluever also testified that appellant "admitted that he did have a small baggie of marijuana in the vehicle"

and rather than deny the odor of marijuana, blamed the odor on others he had transported in his vehicle. T. 11.

{¶ 47} Upon review we find the trial court did not err in finding Kluever had probable cause to search appellant's vehicle.

{¶ 48} The third assignment of error is overruled.

{¶ 49} The judgment of the Ashland County Court of Common Pleas is affirmed.


By Wise, Earle, P.J.

Gwin, J. and

Delaney, J. concur.


EEW/rw