[Cite as *State v. Bean-Deflumer*, 2023-Ohio-230.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Earle E. Wise, Jr., P.J. |
| Plaintiff-Appellant | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| GREGORY BEAN-DEFLUMER | : | Case No. 22-CAC-03-0024 |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Municipal Court, Case No. 2021CRB01127


JUDGMENT:      Affirmed


DATE OF JUDGMENT:      January 26, 2023


APPEARANCES:

For Plaintiff-Appellant

BRADLEY S. NICODEMUS
360 South Yearling Road
Whitehall, OH 43213

For Defendant-Appellee

MICHAEL A. MARROCCO
98 North Union Street
Delaware, OH 43015

*Wise, Earle, P.J.*

{¶ 1}   Plaintiff-Appellant the city of Delaware Ohio appeals the March 1, 2022 judgment of the Delaware Municipal Court, Delaware County Ohio, which granted Defendant-Appellee's motion to dismiss on speedy trial grounds.

## FACTS AND PROCEDURAL HISTORY

{¶ 2}   On August 22, 2021, Delaware County sheriff's deputies responded to a report of a disturbance at appellee's residence. Appellee interfered with the investigation of the matter and resisted arrest. As a result, on August 23, 2021, a complaint was filed in the Delaware Municipal Court charging appellee with one count each of obstructing official business, a misdemeanor of the second degree, resisting arrest, a misdemeanor of the second degree, and disorderly conduct, a misdemeanor of the fourth degree.

{¶ 3}   Following minimal activity on the case, on February 7, 2022, counsel for appellee filed a motion to dismiss on speedy trial grounds. On February 15, 2022, the city filed a response. On February 25, 2022, the matter was set for a jury trial to take place on March 22, 2022. In March 1, 2022, however, the trial court granted appellee's motion to dismiss. The trial court found it had sua sponte continued the trial to a date beyond the statutory trial date without entering an order of continuance journalizing its reasoning for entering such an order before the expiration of the time limit. The trial court additionally found the record reflected no reason the case could not have been set for trial before speedy trial time expired. The trial court dismissed the case and discharged appellee.

{¶ 4}   The city timely filed an appeal and the matter is now before this court for review. The city raises one assignment of error as follows:

{¶ 5}   "THE TRIAL COURT ERRED WHEN IT GRANTED APPELLEE'S MOTION TO DISMISS FOR VIOLATION OF SPEEDY TRIAL."

{¶ 6}   In its sole assignment of error, the city argues the trial court erroneously granted appellee's motion to dismiss on speedy trial grounds. We disagree.

Applicable Law

{¶ 7}   Speedy-trial provisions are mandatory and are encompassed within the Sixth Amendment to the United States Constitution. The availability of a speedy trial to a person accused of a crime is a fundamental right made obligatory on the states through the Fourteenth Amendment. *State v. Ladd*, 56 Ohio St.2d 197, 200, 383 N.E.2d 579 (1978). "The statutory speedy trial provisions, R.C. 2945.71 et seq., constitute a rational effort to enforce the constitutional right to a public speedy trial of an accused charged with the commission of a felony or a misdemeanor and shall be strictly enforced by the courts of this state." *State v. Pachay*, 64 Ohio St.2d 218, 416 N.E.2d 589, syllabus (1980).

{¶ 8}   A speedy-trial claim involves a mixed question of law and fact. *State v. Hickinbotham*, 5th Dist. Stark No. 2018CA000142, 2019-Ohio-2978, 2019 WL 4780988, ¶ 26. As an appellate court, we must accept as true any facts found by the trial court and supported by competent, credible evidence. *Id*. With regard to the legal issues, however, we apply a de novo standard of review and thus freely review the trial court's application of the law to the facts. *Id*.

{¶ 9}   In this matter the highest degree of offense charged is a misdemeanor of the second degree. When the highest degree of offense is a first or second-degree misdemeanor, R.C. 2945.71(B)(2) directs the offender must be brought to trial "[w]ithin ninety days after the person's arrest or the service of summons, if the offense charged is

a misdemeanor of the first or second degree, or other misdemeanor for which the maximum penalty is imprisonment for more than sixty days."

{¶ 10} The statutory speedy-trial period begins to run on the date the defendant is arrested, although the date of arrest is not counted when calculating speedy-trial time. *State v. Wells*, 8th Dist. Cuyahoga No. 98388, 2013-Ohio-3722, ¶44, citing *State v. Tatum*, 3d Dist. Seneca No. 13-10-18, 2011-Ohio-3005. Once the statutory time limit has expired, the defendant has established a prima facie case for dismissal. *State v. Butcher*, 27 Ohio St.3d 28, 30-31, 500 N.E.2d 1368 (1986). The burden then shifts to the state to demonstrate that sufficient time was tolled pursuant to R.C. 2945.72. *Brecksville v. Cook*, 75 Ohio St.3d 53, 55-56, 661 N.E.2d 706 (1996). If the state has violated a defendant's right to a speedy trial, then the court must dismiss the charges against the defendant. R.C. 2945.72(B).

{¶ 11} Speedy trial time is tolled by those events listed in R.C. 2945.72. These events include "[a]ny period of delay necessitated by reason of a * * * motion * * * made or instituted by the accused," under R.C. 2945.72(E), or during "[t]he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion," under R.C. 2945.72(H).

{¶ 12} Under the "triple-count provision" contained in R.C. 2945.71(E), each day a defendant spends in jail in lieu of bail counts as three days in the speedy trial time calculation. When reviewing a speedy trial question, an appellate court must count the number of delays chargeable to each appellant and appellee. Next, the appellate court must determine whether the number of days not tolled exceeded the time limits under R.C. 2945.71. *State v. Ferrell*, 8th Dist. Cuyahoga No. 93003, 2010-Ohio-2882, ¶20.

When reviewing legal issues presented in a speedy trial claim, we must strictly construe the relevant statutes against the state. *Brecksville v. Cook*, 75 Ohio St.3d 53, 57, 661 N.E.2d 706, 709 (1996); *State v. Colon*, 5th Dist. Stark No. 09-CA-232, 2010-Ohio-2326, ¶12.

Speedy Trial Principles as Applied to the Instant Matter

{¶ 13} Here, the city had 90 days to bring appellee to trial. An examination of the record yields the following available dates and calculations:

{¶ 14} Appellee was arrested on August 22, 2021 and released on bond the following day. The date of arrest does not count toward speedy trial time. Therefore, three days of speedy trial time elapsed.

{¶ 15} On August 24, 2021, counsel for appellee filed a notice of appearance, a written not guilty plea, a demand for discovery, and a motion to preserve and produce evidence all of which toll time. Thus four days of speedy trial time elapsed.

{¶ 16} On September 9, 2021, appellant filed a motion to appoint a special prosecutor. A visiting judge was also assigned to this matter; however, the record contains no record of the request, nor any indication of the date the visiting judge was assigned.

{¶ 17} While both parties' briefs indicate the city responded to appellee's request for discovery on September 15, 2021, the record in this matter is devoid of any evidence the city responded to appellee's demand for discovery. Appellant argues appellee failed to provide reciprocal discovery, also tolling time. However, because the record contains no evidence to show the city responded to appellee's demand for discovery we do not consider appellee's alleged failure to provide reciprocal discovery.

{¶ 18} On September 29, 2021, appellee filed a motion to extend time to file pretrial motions, specifically requesting an extension of 3 weeks. Had this motion been timely addressed, a three-week extension would expire on October 13, 2021. Because appellee withdrew this motion at the January hearing, we find time tolled only until October 13, 2021.

{¶ 19} The docket in this matter reflects no activity from September 30, 2021 until January 10, 2022, a total of 104 days. On January 10, 2022, the trial court scheduled a pretrial hearing for January 31, 2022. A video of the pretrial is included in the record and we have reviewed the same. During the hearing the trial court granted appellee's motion to preserve evidence and granted the city's motion to appoint a special prosecutor. Counsel for appellee withdrew his motion to extend time for pretrial motions. Additionally, the parties asked the visiting judge to provide the date of his assignment. While the judge provided no specific answer, he indicated it was sometime in September or October. He stated he would look up the exact date and make it part of the record, but the record contains no such evidence.

{¶ 20} On February 4, 2022, appellee filed his motion to dismiss on speedy trial grounds.

{¶ 21} We are asked to calculate speedy trial time on an incomplete record. Important dates and details are absent from the record including whether and when the city provided appellee with discovery and when the visiting judge was assigned. If or when the city provided discovery impacts calculation of a reasonable time in which appellee should have provided reciprocal discovery. An appellate court's review is restricted to the record provided by the appellant to the court. See App.R. 12(A)(1)(b). Accordingly, the

appellant assumes the duty to ensure the record, or the portions necessary for review on appeal, is filed with the appellate court. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 19, 520 N.E.2d 564 (1988).

{¶ 22} The city's assignment of error is dependent on documents not included in the record. Without a complete record the city has failed to demonstrate the trial court erred in finding appellee's speedy trial rights had been violated.

{¶ 23} For the forgoing reasons the judgment of the Delaware Municipal Court is affirmed.

By Wise, Earle, P.J.

Gwin, J. and

Baldwin, J. concur.

EEW/rw