Marshall, C. J.
 

 These two causes originated in the court of common pleas of Medina county as prosecutions for felony. The indictments were both returned by the grand jury of Medina county. Each indictment charged a third offense of possession of intoxicating liquors under Section 6212-15 of the General Code. Each of the indictments set forth two previous convictions for the same offense, and it appeared by the terms of the indictments themselves that the offenses were committed, not in Medina county, but in Summit county, within one hundred rods of the boundary line between Summit and Medina counties. The indictments were returned under and by virtue of Section 13426-2, General Code (113 Ohio Laws, 130). That section reads: “Any offense committed on the boundary line of two counties, or within one hundred rods of the dividing line between such counties, shall be within the jurisdiction of, and may be prosecuted in either of such counties.”
 

 Section 6212-17 of the General Code provides that a third offense against the liquor laws shall be punishable by a fine of five hundred to two thousand dollars and imprisonment in the penitentiary for a term of not less than one year , and not more than five years. It therefore appears by the indictments themselves that felonies are charged, and that such felonies were committed beyond the boundaries of
 
 *37
 
 Medina county. The defendants demurred to the indictments, and the demurrers were sustained and the defendants discharged, and the prosecuting attorney therefore brings exceptions to this court to test the correctness of the rulings of the court of common pleas of Medina county.
 

 It is claimed by the defendants that the indictment and the purported trial in Medina county transgress the following provisions of Section 10 of Article I of the Constitution of Ohio: “Except in eases of impeachment, cases arising in the army and navy, or in the militia when in actual service in time of war or public danger, and cases involving offenses for which the penalty provided is less than imprisonment in the penitentiary, no person shall be held to answer for a capital, or otherwise infamous, crime, unless on presentment or indictment of a grand jury; and the number of persons necessary to constitute such grand jury and the number thereof necessary to concur in finding such indictment shall be determined by law. In any trial, in any court, the party accused shall be allowed to appear and defend in person and with counsel; to demand the nature and cause of the accusation against him, and to have a copy thereof; to meet the witness face to face, and to have compulsory process to procure the attendance of witnesses in his behalf, and a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed
 

 It will be observed that while the section contains many and various provisions, it contains no provision relating to any particular county, except that an accused person shall be entitled to “a speedy public
 
 *38
 
 trial by an impartial jury of the county in which •the offense is alleged to have been committed.” The section contains an exception of those cases involving offenses for which the penalty provided is less than imprisonment. It has frequently, and without exception, been held by this court that an accused person is not entitled to a jury trial, where the offense charged is punishable otherwise than by imprisonment. We shall, therefore, decide only the case before us, namely, whether a felony committed in Summit county can be tried in Medina county. Manifestly, if a person charged with a felony cannot be tried in Medina county, he cannot be indicted in that county, because, excepting in those cases where a change of venue is ordered, he must be tried in the county where the indictment is returned.
 

 It is claimed by the prosecuting attorney that Section 4 of Article IY of the Constitution of Ohio confers upon the Legislature the power to fix the jurisdiction of courts of common pleas and of judges thereof. That provision of the Constitution relates to jurisdiction in the broader sense of defining the kind and character of causes which may be heard and decided by the courts of common pleas.
 

 Section 13426-2, General Code (113 Ohio Laws, 130), is a venue statute, which declares where offenses may be tried, and has no relation to the kind and character of cases, except that the section relates to public offenses. The question submitted to this court is the sufficiency of the indictment returned by the grand jury of Medina county. That this question can be raised by a demurrer is settled by Section 9 of Chapter 18 of the New Criminal Code
 
 *39
 
 (Section 13439-9, General Code), which provides that the accused may demur when it appears on the face of the indictment that the offense charged is not within the jurisdiction of the court. Whatever the Legislature may have determined to have been a wise provision in the prosecution of crime and offenses, it is, of course, limited by the express provisions of the Constitution, and nothing could be plainer than that provision which provides that jury trials for public offenses must be held in the county in which the offense is alleged to have been committed. That section is not wholly unconstitutional, because courts of common pleas do have jurisdiction in the trial of felonies, and it is conceivable that the defendant might waive the right of trial by jury; but in the instant case, by the demurrer to the indictment and by the express declaration of counsel, the right to jury trial will not be waived in these cases. The court of common pleas did not err in sustaining demurrers to the indictment.
 

 Exceptions overruled.
 

 Kinkade, Robinson, Jones, Matthias, Day and Allen, JJ., concur.