**STATE, Plaintiff-Appellee, v. WADE, Defendant-Appellant.**

Ohio Appeals, Second District, Champaign County.

No. 116.    Decided March 19, 1949.

William T. Gillie, City Solicitor, Urbana, for plaintiff-appellee.

Howard A. Traul, Bellefontaine, for defendant-appellant.

## OPINION

By MILLER, PJ.:

This is a law appeal from the Municipal Court of Urbana, Ohio. The defendant was charged with violating §6307-21a GC, the affidavit reading as follows:

"Before me, Blanche A. Rhea, Clerk of said Court, personally came Ptl. C. E. Graham, Ohio State Highway Patrol who being duly sworn according to law, deposes and says that on or about the 5th day of December, 1948, at 12:15 o'clock A. M. at the County of Champaign, and in and upon U. S. Route 68 a public road and highway therein, outside of a municipal corporation, one Waldo H. Wade unlawfully operated a motor vehicle at an unreasonable and improper speed without regard to the traffic, surface and width of said road and highway and of any other condition then existing, to wit: exceeding Fifty miles per hour, to wit: 70 miles per hour, in violation of §6307-21, GC."

To this affidavit a motion to quash was filed assigning two grounds therefor:

(1) That the affidavit does not specify the place within Champaign County on Route 68 where said offense is supposed to have taken place.

(2) That said alleged charge does not specify what speed is prima facie lawful at the time and place of said alleged violation.

The court sustained the motion for the reason stated in item (1), and overruled the same as to item (2). Leave was granted to amend the affidavit in accordance with the ruling of the court, which was done. The amendment was permissible under §13437-29 GC which provides that the court may at any time before, during or after the trial, amend the indictment, information or bill of particulars in respect of any defect, imperfection or omission in form or substance. The court did not err in permitting the amendment.

It is further urged that the court erred in overruling the motion upon the second ground. It will be noted that §6307-

21a GC requires that the prima facie lawful speed at the time and place of the alleged violation be set forth in the affidavit and warrant. Now do the affidavit and warrant meet this requirement? We think that they do for the affidavit provides:

"* * *, to wit: exceeding fifty miles per hour, to wit: 70 miles per hour, in violation of §6307-21a GC."

It would seem that a reasonable interpretation of this quotation would be that the defendant is charged with violating §6307-21a GC, in that he exceeded fifty miles per hour, to wit, seventy miles per hour, clearly indicating that fifty miles per hour was the lawful rate of speed at the time and place charged. We therefore hold that the affidavit met all of the legal requirements.

The record also discloses that no objection was made by the defendant to the amended affidavit, and the case proceeded to trial upon the basis of the allegations expressed therein. It would therefore seem that the defendant waived such objections as he may have had as to the precise form and wording of the affidavit.

Another error assigned is that the trial court erred in denying to the defendant a trial by jury in violation of §13443 GC. This section guarantees a jury trial in all cases where the penalty exceeds fifty dollars. It is conceded that the maximum fine because of the alleged violation is fifty dollars but the appellant urges that by including the probable costs the penalty would exceed fifty dollars thereby entitling him to a jury trial. This court passed upon this identical question in the case of City of Xenia v. Smith, 34 Abs 620, holding that the costs in a trial do not constitute a part of the fine. We are still of the same opinion. See also City of Cincinnati v. Wright, 77 Oh Ap 261.

We have carefully examined the bill of exceptions and find that the evidence was sufficient to support the conviction. We find no error in the record and the judgment is affirmed.

HORNBECK and WISEMAN, JJ, concur.