420

STATE, ex rel. LEICHNER, Petitioner, v. ALVIS, Warden, Respondent.

Ohio Appeals, Second District, Franklin County.

No. 4697. Decided February 25, 1952.

Cecile J. Shapiro, Columbus, for petitioner.
Hon. C. William O'Neill, Atty. Genl., J. M. Burtch, Jr., Asst. Atty. Genl., Columbus, for respondent.

## OPINION

By MILLER, J. This is an action wherein the petitioner is seeking his release from the Ohio Penitentiary on a writ of habeas corpus for the following reasons:

1. That the facts set forth in the indictment are not true.
2. That the indictment does not charge an offense.

The truth of the averments in an indictment cannot be considered in a habeas corpus proceeding; hence no further attention will be given to this charge.

Next, considering the sufficiency of the indictment, the question presented is whether or not an offense is charged therein.

An examination of the record discloses that the indictment contains the following allegations:

"* * * that C. W. Leichner * * * did unlawfully and knowingly falsely pretend with intent to defraud * * * that he was then and there gainfully employed by the B. & O. Railroad Company of Columbus, Ohio and was then and there actively engaged in such employment and was receiving earnings therefrom by which said false pretenses the said C. W. Leichner then and there did obtain necessities * * * of the value of One Hundred Four and 44/100 Dollars with intent thereby unlawfully to defraud, * * * well knowing the same to be false; that the said false pretenses were false in fact."

The petitioner urges that the indictment is insufficient on its face to charge the crime of "false pretense" for two reasons:

1. The description of the property obtained, "necessities," is too indefinite and uncertain.
2. The use of the adjectives "gainful" and "actively" to describe that the petitioner was engaged in such employment precludes the negative averment which is necessary to charge the offense and that such negative averment is not supplied by any wording in the indictment.

In the case of **Redmond v. The State, 35 Oh St 81,** the Court sustained a demurrer to the indictment because it did not contain words which negatived the substantial truth of the representations made, but merely denied the literal truth. But it does not appear to us that the facts in the Redmond case are at all parallel with those in the case at bar. The indictment here does not deny merely the literal truth of the representations made, but says they were all false in fact. This is not only a substantial denial of the representations made, but a positive one. Reduced to simple language the indictment charges that the petitioner falsely represented that he was employed by the B. & O. Railroad Company and that he was receiving compensation for his services. It is true the words "gainful" and "actively" are used but in our opinion they

neither add to nor subtract from the meaning of the charge and therefore may be regarded as surplusage. **State v. Arata, 69 Oh St 211.** Surplusage consists of averments which may be stricken out and yet leave a sufficient description of the offense. **21 O. Jur., Section 38, p. 724.**

We are in agreement with the petitioner that it is essential that the indictment must negative the truth of the representations which are claimed to be false, and this Court recently so held in the case of Campfield v. Ohio, being case No. 4496, and decided on October 5, 1950, but this legal principle has no application here for we think the indictment sufficiently negatives the representations alleged to have been made by the petitioner. The failure to particularize the word "necessities" would not invalidate the indictment but would make the same subject to a motion to make definite and certain. **Sec. 13437-29 GC; State v. Wade, 54 Abs 544.** This right is waived upon the entering of the plea of guilty.

The writ will be denied.

HORNBECK, PJ, WISEMAN, J, concur.