McConnaughy *v.* Alvis, Warden.*

(No. 5263—Decided October 14, 1955.)

*Mr. Francis M. Marley,* for petitioner.
*Mr. C. William O'Neill,* attorney general, and *Mr. Roger B. Turrell,* for respondent.

Miller, P. J.  This is an action in habeas corpus, wherein the petitioner is seeking his release from the Ohio Penitentiary for the following reasons:

1. The crime for which the petitioner was sentenced allegedly occurred just within the border of another county and thus, he alleges, the trial court had no jurisdiction in the case.

2. The petitioner alleges that he had inefficient counsel and that by reason of this he was denied his right to have a fair trial.

---

*Judgment affirmed, 165 Ohio St., 102.

3. He alleges that certain defects in the service of papers upon him voids his sentence.

The facts pertinent to the jurisdictional question reveal that on June 2, 1950, the petitioner was indicted by the Grand Jury of Belmont County for a violation of Section 12413 of the General Code, the charge being that Elmer McConnaughy "on or about the 17th day of June in the year of our Lord one thousand nine hundred and fifty, at the county of Belmont aforesaid, unlawfully and forcibly raped one Rosemary Davey, contrary to the statute in such case made and provided * * *."

The record discloses that on July 5, 1950, an entry was journalized reciting the appointment of counsel for the petitioner on June 7, 1950; that on June 14, 1950, a suggestion of insanity was pleaded and the court fixed Monday, June 26, as the time for the hearing of the cause and appointed three physicians to examine the defendant as to his mental condition; that the hearing was held, witnesses examined and the defendant was found to be sane; that on June 28, the defendant with his counsel appeared before the court and entered a plea of guilty to the charge contained in the indictment, the same being the crime of rape as found in Section 12413 of the General Code; and that on that date the defendant was ordered, under Section 13451-20, General Code, to Lima State Hospital for further observation.

It appears further that on August 10, 1950, the court had for consideration a report from the Superintendent of the Lima State Hospital and, upon consideration of the same and of expert evidence submitted the court found the defendant was not mentally ill as defined in Section 1890-19, General Code, and was not a mentally deficient psychopathic offender as defined in Section 13451-19, General Code. After the aforesaid finding the court pronounced sentence upon the defendant and ordered him taken to the Ohio Penitentiary, there to be confined until he is legally released.

Counsel has offered the depositions of several witnesses who testified that the offense was committed in Monroe County instead of in Belmont County. On this factual situation, he charges that the indictment was void and that the court had no jurisdiction to impose sentence. We are in full accord with

the authorities cited by counsel that the Common Pleas Court of Belmont County has no jurisdiction over crimes committed beyond its territorial limits; but the indictment charged that an offense was committed in Belmont County, to which a plea of guilty was entered. Upon the entry of such a plea the truth of all material allegations is admitted. There was no question of venue raised before the trial court. Under such a factual situation, we are of the opinion that the only relief, if any, is an appeal. Our Supreme Court appears to have had a similar question for consideration in the case of *Burns* v. *Tarbox, Sheriff*, 76 Ohio St., 520, 81 N. E., 761. In that case an affidavit was filed with the mayor of Xenia charging Burns with nonsupport of his minor children under 16 years of age. He was arrested in Hamilton County and, while detained there, habeas corpus proceedings were instituted in the Common Pleas Court of Hamilton County. The prisoner contended that if any offense had been committed it occurred in Hamilton County, and not in Greene County as alleged in the affidavit. The trial court refused to hear such evidence and dismissed the petition. The syllabus in that case reads, in part:

"*Held*: The evidence offered was not competent to work the discharge of B. on *habeas corpus*, the same being competent and appropriate as a part of his defenses to the charge before said mayor."

In discussing the relief available the court stated, at page 526:

"It is argued with much force, and it is true to a certain extent, that one who has been arrested on a warrant charging him with the violation of a criminal law, may attack the jurisdiction of the court issuing the warrant, and upon establishing want of jurisdiction, is entitled to a discharge. This would be true if it appears upon the face of the warrant and affidavit, or the face of the warrant and indictment, if the prosecution is by indictment, that the court has no jurisdiction over the offense. This would be true if the charge and the warrant show that the crime was not committed in the county or state where the prosecution is commenced. So also if the affidavit fails to charge an offense or crime. There are other instances where want of jurisdiction may be shown on *habeas corpus*, but it is not our

province now to name or schedule such instances, for they would not aid us in deciding the present question.''

In the case of *State, ex rel. Leichner,* v. *Alvis, Warden,* 65 Ohio Law Abs., 420, 114 N. E. (2d), 861, this court held that the truth of the averments in an indictment can not be considered in a habeas corpus proceeding.

Counsel for the petitioner cites the case of *State* v. *Chalikes,* 122 Ohio St., 35, 170 N. E., 653, in support of the claim that the court had no jurisdiction. That case is not parallel with the facts in the case at bar, in that in the *Chalikes case* the venue for the crime was laid in a county different from that in which the indictment was returned. The court held that where the indictment charges the commission of a felony in a different county from that making the return, it does not state an offense and is demurrable. In the instant case the indictment returned by the Grand Jury of Belmont County charged that an offense was committed in that county. Such an indictment is not demurrable, but the question of venue becomes one of fact for the jury. When the plea of guilty was entered the venue set forth in the indictment was admitted and further proof was not necessary. We therefore hold that under the facts presented the court had jurisdiction to pronounce the sentence it imposed upon the petitioner.

It is next urged that petitioner was denied his constitutional right to be represented by counsel. The record reveals that counsel was appointed by the court and appeared in behalf of petitioner as recited in the journal entry previously quoted. It is urged that although counsel was appointed he improperly conducted the defense and that, therefore, the petitioner was not accorded a fair trial. This charge is grounded upon the fact that counsel failed to file a motion to quash the indictment which originally charged the offense to have been committed at a time subsequent to the date of its return, to wit, June 17, 1950. This was clearly an error which was subject to correction under Section 13437-29, General Code, when the facts were so revealed, and the correction was made.

It is further urged that competent counsel would have filed a plea in abatement when he discovered the petitioner claimed that the offense was committed in Monroe County. We can find

nothing unusual in such failure, for, as stated previously, the burden was upon the state to prove the venue at the trial and if it failed to do so the defendant was entitled to an acquittal. Under the course of procedure adopted by his counsel the question of the locale of the offense could have been placed before the jury. The method of procedure was one resting solely with his counsel and we cannot say that he pursued the wrong method. In all probability his counsel may have investigated the claim of the petitioner and come to the conclusion that he would have failed in his proof to establish that the offense was committed in another county. The depositions offered in this hearing establish that the offense was practically on the border between the two counties and may have been several hundred feet beyond the Belmont County line.

It is finally urged that the sentence was not imposed in accordance with the provisions of Section 13451-20, General Code (Section 2947.25, Revised Code), and for that reason was illegal. The reason for such claim is that a certified copy of the Lima State Hospital report was never served upon the petitioner or his counsel, and for the further reason that the hearing on the report was held prior to the expiration of ten days from the date of its filing. The cited section of the Code requires the serving of such a copy on both the defendant and the attorney of record, and that the hearing may not be held prior to the expiration of ten days from the filing date. The latter charge appears to be supported by the record, as it discloses that the report was filed on August 8, 1950, and was considered on August 10, at which time sentence was pronounced. It, therefore, clearly appears that there was a failure to comply with the provisions of Section 13451-20, General Code, on the part of the prosecution. The question presented is whether such a failure makes the sentence void. We are referred to an unreported decision of the Common Pleas Court of Franklin County, *Rosebrook* v. *Alvis,* No. 187,960, in which a writ of habeas corpus was granted for the reason that the petitioner had not been sent to the Lima State Hospital for observation in compliance with Sections 13451-19 and 13451-20, General Code. The court based its decision on the ground that the petitioner had not been accorded due process of law, but the entry

in the instant case shows that the procedure was in conformity with the statute. The entry of August 10, 1950, recites that the petitioner was sent to the Lima State Hospital for observation under the provisions of Section 13451-20, General Code (Section 2947.25, Revised Code), a report was made, the prisoner was returned, a hearing was held, the report was considered, and a determination was made that he was not a psychopathic offender. After all these proceedings the sentence was imposed in conformance with the statute. If the truth of the averments in an indictment cannot be considered in a habeas corpus proceeding, which was held in *State, ex rel. Leichner,* v. *Alvis, supra,* it should follow also that the truth of the order of commitment cannot be considered in such a proceeding.

The only irregularity appearing upon the face of the record is the fact that the hearing on the report was held two days after it was filed instead of not less than ten days thereafter as required by Section 13451-20, General Code. The statute relates purely to procedure, is not jurisdictional, and its provisions may be waived. Since there is a presumption of regularity of such proceeding, we must conclude that there was a waiver of the requirement.

As we view it the only remedy available to the petitioner was to have filed a motion to correct the record if it did not speak the truth. If such an order was denied, the petitioner's remedy would have been to appeal.

*Petitioner remanded to custody.*

Hornbeck, J., concurs.
Wiseman, J., not participating.