OPINION
{¶ 1} Defendant-appellant, Greg Buchanan, has filed a notice of appeal from an entry of the Muskingum County Court of Common Pleas, denying his motion for judicial release.
 {¶ 2} On November 28, 2001, the Muskingum County Grand Jury indicted appellant, Gregory Buchanan, on one count of corruption of a minor in violation of R.C. 2907.04, one count of sexual battery in violation of R.C. 2907.03, and one count of corruption of another with drugs in violation of R.C. 2925.02.
 {¶ 3} On September 18, 2002, appellant pled guilty as charged. By judgment entry filed October 24, 2002, the trial court merged the corruption-of-a-minor count with the sexual-battery count and sentenced appellant to four years in prison. As for the remaining count, the trial court sentenced appellant to five years. These sentences were to be served concurrently but consecutive to a sentence appellant was then serving.
 {¶ 4} Appellant appealed raising as his sole assignment of error; "A sentence of four (4) years in prison on Count II and five (5) years in prison on Count III, despite the state's recommendation of a sentence of three (3) years in prison, was an abuse of discretion." Appellant argued that the trial court erred in not following the state's recommendation of three years. This Court affirmed appellant's conviction and sentence holding "A trial court does not err by imposing a sentence greater than that forming the inducement for the defendant to plead guilty when the trial court forewarns the defendant of the applicable penalties, including the possibility of imposing a greater sentence than that recommended by the prosecutor". State v. Buchanan, 5th
Dist. No. *Page 3 
CT2002-0046, 2003-Ohio-4772. The Court noted that during the Crim. R. 11 colloquy, the trial court informed appellant of the possible sentences, and the following exchange occurred:
 {¶ 5} "THE COURT: You understand that the Prosecutor's recommendation is not binding on the Court; I do not have to follow it?
 {¶ 6} "MR. BUCHANAN: Yes, I understand that."
 {¶ 7} In addition, contained within appellant's September 18, 2002 plea of guilty is the statement, "I further understand that the Prosecutor's recommendation does not have to be followed by the Court."
 {¶ 8} By entry filed February 26, 2004, this Court denied appellant's application to re-open his direct appeal.
 {¶ 9} On July 7, 2006 appellant filed a motion for judicial release in both cases for which he was serving sentences. The trial court denied these motions by Judgment Entry filed July 25, 2006.
 {¶ 10} Appellant appeals from the court's July 25, 2006 entry, setting forth the following assignment of error for review:
 {¶ 11} "I. APPELLANT'S GUILTY PLEA WAS BREACHED AND BROKEN [SIC] WHICH MADE SUCH SENTENCE CONTRARY TO LAW."
 I. {¶ 12} At the outset we note that a trial court's denial of a motion for judicial release is not a final appealable order. In State v.Coffman (2001), 91 Ohio St.3d 125, 2001-Ohio-273, 2001-Ohio-296,742 N.E.2d 644, the Ohio Supreme Court held that a trial court's denial of a motion for shock probation could never be a final appealable *Page 4 
order. The court reasoned that the denial of a motion for shock probation did not affect a "substantial right" because the statutory provision providing for shock probation conferred substantial discretion to the trial court, while simultaneously making no provision for appellate review. Id., at 128, 742 N.E.2d 644.
 {¶ 13} Although judicial release replaced shock probation effective July 1, 1996, the reasoning of Coffman remains solid. Like the statute providing for shock probation, R.C. 2929.20-the statute authorizing judicial release-confers substantial discretion to the trial court, but makes no provision for appellate review. Therefore, we join the Second, Ninth, Tenth and Twelfth Districts in holding that a motion denying judicial release is not a final appealable order. State v. Green, Greene App. No. 02-CA-17, 2002-Ohio-2595, at ¶ 6 ("consistent with the reasoning in Coffman, we hold that the denial of a motion for judicial release is not a final, appealable order"); State v. Galbreath (2001), Clermont App. No. CA2000-10-078 ("the denial of a motion for judicial release is not a final appealable order" subject to our review);State v. Woods (2001), Lorain App. No. 00CA007676 ("the denial of a motion for judicial release is not a final appealable order"); State v.Lawson, Franklin App. No. 02AP-148, 2002-Ohio-3329.
 {¶ 14} To overcome this jurisdictional bar, appellant once again casts his argument in terms of a breach of a plea agreement. However, there is nothing in the record of appellant's case to even suggest, let alone affirmatively prove, that he was ever promised by either the State or the trial court that the court would grant a motion for judicial release at any given point in time. To the contrary, as we noted in our previous decision, appellant was informed both orally and in writing before he entered *Page 5 
his pleas that the trial court was not bound to follow any recommendation made by the State with respect to sentencing.
 {¶ 15} The sole assignment of error is denied.
 {¶ 16} The Judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.
By Gwin, P.J.,
Hoffman, J., and
Wise, J., concur
____________________________
HON. W. SCOTT GWIN
____________________________
HON. WILLIAM B. HOFFMAN
____________________________
 HON. JOHN W. WISE *Page 6 
For the reasons stated in our accompanying Memorandum-Opinion, the Judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed. Costs to appellant. *Page 1