[Cite as *State v. Carroll*, 2021-Ohio-3937.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Patricia A. Delaney, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | Case No. 2021CA0020 |
| DUSTIN J. CARROLL | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDINGS:     Appeal from the Coshocton County Court
of Common Pleas, Case No.
2021CR0014

JUDGMENT:                                    Affirmed

DATE OF JUDGMENT ENTRY:          November 3, 2021

APPEARANCES:

For Plaintiff-Appellee                         For Defendant-Appellant

JASON W. GIVEN                             DUSTIN J. CARROLL
Coshocton County Prosecuting Attorney     Inmate #A767-546
318 Chestnut Street                            Noble Correctional Institution
Coshocton, Ohio 43812                       Caldwell, Ohio 43724

*Hoffman, P.J.*

**{¶1}** Defendant-appellant Dustin Carroll appeals the judgment entered by the Coshocton County Common Pleas Court convicting him of illegal conveyance of drugs of abuse onto grounds of a specified governmental facility (R.C. 2921.36(A)(2)) and sentencing him to twelve months incarceration. Plaintiff-appellee is the state of Ohio.

## STATEMENT OF THE CASE[1]

**{¶2}** On February 1, 2021, Appellant was indicted by the Coshocton County Grand Jury with one count of illegal conveyance of drugs of abuse onto grounds of a specified governmental facility. Appellant moved to dismiss the indictment, arguing the indictment was barred by double jeopardy based on the dismissal of a previous indictment for conspiracy. The trial court found the motion not well taken, and overruled the motion. Appellant further moved to dismiss the indictment on the basis his speedy trial rights were violated.

**{¶3}** On August 2, 2021, Appellant entered a plea of guilty to the single charge in the indictment. On recommendation of the prosecutor, the trial court sentenced Appellant to twelve months incarceration, to be served concurrently with a sentence Appellant was serving in a prior case.

**{¶4}** It is from the August 5, 2021 judgment of the trial court Appellant prosecutes his appeal, assigning as error:

---

[1] A rendition of the facts is unnecessary to our resolution of the issues raised on appeal.

I. THE TRIAL COURT COMMITTED VIOLENCE TO THE DOUBLE JEOPARDY CLAUSE OF THE FIFTH AMENDMENT WHEN IT REFUSED TO IMPOSE THE BAR TO FURTHER PROSECUTION ATTACHED TO THE GRANT OF A CRIM. R. 12(C) (2) MOTION TO DISMISS.

II. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT TOLLED THE STATUTE OF LIMITATIONS PRESCRIBED BY A SPECIFIC STATUTE WITH A GENERAL ONE, THEREBY USURPING THE JURISDICTION TO ACCEPT A PLEA.

I.

{¶5}   Appellant argues the trial court erred in overruling his motion to dismiss the indictment on the basis of double jeopardy, based on the prior entry of dismissal of an indictment in Case Number 2020CR0072.

{¶6}   A defendant's rights under the Double Jeopardy Clause of the Fifth Amendment are not waived by a plea of guilty.  *Village of Montpelier v. Greeno*, 25 Ohio St.3d 170, 172, 495 N.E.2d 581, 582 (1986), *citing Menno v. New York,* 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975).  However, termination of a proceeding before jeopardy has attached, even if harmful to the defendant in some way, does not entitle him to relief under the double jeopardy clause *State v. Larabee*, 69 Ohio St.3d 357, 358, 632 N.E.2d 511, 513 (1994).  Without risk of determination of guilt, jeopardy does not attach, and neither an appeal nor further prosecution constitutes double jeopardy.  *Id., citing Serfass v. United States*, 420 U.S. 377, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975).  The *Serfass* court held jeopardy did not attach when a trial court granted a pretrial motion to dismiss an

indictment after receiving evidence, stipulations, and arguments relative to the motion. *Id.*

**{¶7}** In the instant case, Appellant attached the trial court's entry filed February 1, 2021, dismissing the indictment in case number 2020CR0072 to his motion to dismiss. This entry states:

> This matter came before the Court on January 22, 2021, for oral argument upon the Defendant's "Motion to Dismiss."
>
> The Defendant was present through remote video conferencing from the Ohio Department of Rehabilitation and Conviction. The Defendant's Counsel, Jeffrey Kellogg was present in Court, with Prosecuting Attorney Jason Given.
>
> Whereupon, after hearing the arguments of Counsel, the Court finds the motion to be well taken, and the indictment in this case is hereby DISMISSED, without prejudice. In so ruling, the Court finds that the crime charged within the body of the indictment is not a listed offense under the conspiracy statute, and subsection (M) of R.C. 2923.01 does not include a violation of R.C. 2921.36, within the definition of "Felony drug trafficking, manufacturing, processing, or possession offense."
>
> Therefore, a person cannot be charged with conspiracy to commit a violation of R.C. 2921.36, as such an offense does not exist in the State of Ohio.

**{¶8}**   We find it is apparent from the face of this entry the prior indictment was dismissed without prejudice before jeopardy had attached.   The trial court therefore did not err in overruling Appellant's motion to dismiss the instant indictment on double jeopardy grounds.

**{¶9}**   Appellant's first assignment of error is overruled.

II.

**{¶10}**  In his second assignment of error, Appellant argues the trial court erred in overruling his motion to dismiss the case based on violation of his right to a speedy trial.

**{¶11}**  Appellant entered a guilty plea in the instant case.   Where an accused enters a plea of guilty, he waives his right to raise the denial of his right to a speedy trial on appeal.  *Village of Montpelier v. Greeno*, *supra*.

**{¶12}**  Appellant's second assignment of error is overruled.

**{¶1}**   The judgment of the Coshocton County Common Pleas Court is affirmed.


By: Hoffman, P.J.
Delaney, J.  and
Wise, Earle, J. concur