[Cite as *State v. Phelps*, **2022-Ohio-3025**.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 21CA12 |
| | : | |
| ROBERT LEE PHELPS | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Fairfield County Court of Common Pleas, Case No. 2019CR0499

JUDGMENT:      AFFIRMED

DATE OF JUDGMENT ENTRY:      August 30, 2022

APPEARANCES:

For Plaintiff-Appellee:

DAVE YOST
OHIO ATTORNEY GENERAL
ANDREA K. BOYD
30 East Broad St., 23rd Floor
Columbus, OH 43215

For Defendant-Appellant:

TODD W. BARSTOW
4185 E. Main St.
Columbus, OH 43213

*Delaney, J.*

{¶1}  Appellant Robert Lee Phelps appeals from the January 15, 2021 Judgment Entry of Sentence of the Fairfield County Court of Common Pleas. Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2}  This case arose in August 2019 when appellant was charged by indictment with 84 drug-related offenses discovered during investigation of a drug trafficking ring operating throughout central Ohio. Appellee's evidence indicated appellant sold 7 to 10 pounds of methamphetamine and heroin per week from his home to multiple individuals who distributed the drugs throughout multiple counties, including Fairfield County.

{¶3}  Appellant was arraigned on an 84-count indictment on September 17, 2019. At that time, he had already posted bond.  Appellant entered pleas of not guilty, a pretrial was held, and the matter was scheduled for jury trial on December 10, 2019.

{¶4}  Appellant moved to continue the jury trial date, the motion was granted, and trial was rescheduled for February 11, 2020.

{¶5}  Appellant filed a second motion to continue the trial date and the jury trial was continued to April 28, 2020.

{¶6}  On February 20, 2020, appellant filed a motion for change of venue and a motion to suppress. A hearing was scheduled for March 23, 2020, but was continued at appellant's request to April 29, 2020, requiring another continuance of the jury-trial date.

{¶7}  The oral hearing was continued to June 4, 2020, by the trial court "due to continued issues related to Covid-19." At the hearing, appellant withdrew the motion to suppress and "tabled" the motion for change of venue.

{¶8}  A Lafler-Frye hearing was scheduled for August 24, 2020, and jury trial was scheduled for September 15, 2020.

{¶9} In August 2020, however, appellant wrote a letter to the court requesting new counsel, prompting the trial court to schedule a hearing on August 19, 2020. The trial court advised appellant the trial date would not necessarily be continued if he hired new counsel at such a late date.

{¶10} At the Lafler-Frye hearing on August 24, 2020, appellant's new counsel submitted a letter stating he had been retained.  Appellee placed its offers on the record; appellant said he had "questions" about the offer and wanted a second opinion.

{¶11} Another hearing was held on September 3, 2020, for the purpose of discussing delays in the case. Proposed new counsel was present and the trial court again advised the trial date would not necessarily be continued.  Upon being made aware of the voluminous discovery in the case, new counsel said he could not try the case until mid-November, which was satisfactory to appellant. Appellant remained out of jail, on bond.  The jury trial was therefore rescheduled for November 17, 2020.

{¶12} On October 29, 2020, appellant moved to continue the jury trial because counsel tested positive for Covid.  The motion was granted and the trial was continued to January 12, 2021.

{¶13} Rather than proceed to trial, on December 22, 2020, appellant entered a plea of guilty to twelve counts of aggravated drug trafficking; four of those offenses are charged pursuant to R.C. 2925.03(A)(2), are felonies of the first degree, and carry major-drug-offender specifications pursuant to R.C. 2929.01; four of the offenses are felonies of the second degree pursuant to R.C. 2925.03(A)(2); one is a felony of the second

degree pursuant to R.C. 2925.03(A)(1); one is a felony of the third degree pursuant to R.C. 2925.03(A)(1); and two are felonies of the third degree pursuant to R.C. 2925.03(A)(2). Appellant also entered a guilty plea to one count of engaging in a pattern of corrupt activity pursuant to R.C. 2923.31(A)(1) and R.C. 2923.32(B)(1), a felony of the first degree. The remaining 71 counts were dismissed.

{¶14} The parties jointly recommended a prison term of 15 years. The parties also jointly agreed the counts did not merge and that prison terms upon all but three counts would run concurrently. The trial court imposed the jointly-recommended sentence of 15 years.

{¶15} Appellant now appeals from the judgment entry of conviction and sentence.

{¶16} Appellant raises three assignments of error:

**ASSIGNMENTS OF ERROR**

{¶17} "I. ROBERT PHELPS DID NOT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY PLEAD GUILTY, IN VIOLATION OF HIS DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION SIXTEEN, ARTICLE ONE OF THE OHIO CONSTITUTION."

{¶18} "II. PHELPS' SPEEDY TRIAL RIGHTS WERE VIOLATED IN CONTRAVENTION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION."

{¶19} "III. PHELPS RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION, AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION."

**ANALYSIS**

I.

{¶20} In his first assignment of error, appellant argues his guilty pleas were involuntary because the trial court "did not provide sufficient information to [appellant] about the right to jury trial," specifically, his right to be tried by an impartial jury of the county in which the offense was alleged to have been committed. We disagree.

{¶21} Appellant's argument arises from his claim that his drug-trafficking offenses occurred in Franklin County and he should have been tried there. As noted supra, however, appellant "tabled" this argument and his motion for change of venue. As appellee points out, the venue issue would have been a matter for trial. By pleading guilty, appellant admits venue was proper in Fairfield County.

{¶22} In this assignment of error, however, appellant contends the trial court should have advised him he had a right to a jury panel drawn from Franklin County. Crim. R. 11 requires guilty pleas to be made knowingly, intelligently and voluntarily. Although literal compliance with Crim. R. 11 is preferred, the trial court need only "substantially comply" with the rule when dealing with the non-constitutional elements of Crim.R. 11(C). *State v. Ballard*, 66 Ohio St.2d 473, 475, 423 N.E.2d 115 (1981), citing *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977).

{¶23} The constitutional rights are: (1) a jury trial; (2) confrontation of witnesses against him; (3) the compulsory process for obtaining witnesses in his favor; (4) that the state must prove the defendant's guilt beyond a reasonable doubt at trial; and (5) that the defendant cannot be compelled to testify against himself. *State v. Veney*, 120 Ohio St.3d

176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 19. If the trial court fails to strictly comply with these requirements, the defendant's plea is invalid. Id. at ¶ 31.

{¶24} The non-constitutional rights that the defendant must be informed of are: (1) the nature of the charges; (2) the maximum penalty involved, which includes, if applicable, an advisement on post-release control; (3) if applicable, that the defendant is not eligible for probation or the imposition of community control sanctions; and (4) that after entering a guilty plea or a no contest plea, the court may proceed directly to judgment and sentencing. Crim.R. 11(C)(2)(a)(b); *Veney* at ¶ 10-13; *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 423 N.E.2d 1224, ¶ 19-26 (postrelease control is a non-constitutional advisement).

{¶25} When reviewing a plea's compliance with Crim.R. 11(C), we apply a de novo standard of review. *State v. Nero,* 56 Ohio St.3d 106, 108-109, 564 N.E.2d 474 (1990); *State v. Lebron,* 8th Dist. Cuyahoga No. 108825, 2020-Ohio-1507, ¶ 9; *State v. Groves,* 5th Dist. Fairfield Nos. 2019 CA 00032, 2019 CA 00033, 2019-Ohio-5025, ¶ 7.

{¶26} The court can look to the totality of the record to determine whether that defendant was meaningfully informed of the specific rights. *State v. Ballard*, 66 Ohio St.2d 473, 480-482, 423 N.E.2d 115 (1981).

{¶27} In the instant case, appellant asserts the trial court failed to advise him that he was entitled to a jury comprised of residents "of the county where the offense occurred." Therefore, asserts appellant, because he claimed the offenses occurred in Franklin County, "he was entitled to be tried by a jury comprised of residences (*sic*) of Franklin County, Ohio." Brief, 4.

{¶28} Section 10, Article I of the Ohio Constitution requires that a defendant be tried by a jury comprised of residents of the county where an offense occurred. *City of Columbus v. Bidlack*, 10th Dist. Franklin No. 99AP-1412, 2000 WL 1072413, *2, citing *State v. Chalikes* (1930), 122 Ohio St. 35, 170 N.E. 653, paragraph two of the syllabus. However, appellant cites no authority in support of his contention that the "territory in which a pool of jurors must be comprised" is a component of Crim.R. 11.

{¶29} Venue was a disputed issue; appellant claimed venue was proper in Franklin County but appellee maintained the drugs were brought into Fairfield County. By pleading guilty, appellant admitted venue was proper in Fairfield County. A guilty plea is a complete admission of all the elements of a charge. *State v. Meadows,* 6th Dist. Lucas No. L–05–1321, 2006–Ohio–6183, ¶ 22. The Ohio Supreme Court has recognized that a valid guilty plea operates as a conviction and requires no factual findings or verdict to support it. A valid guilty plea waives a defendant's right to challenge his conviction on the grounds of insufficiency of the evidence. *State v. Hill,* 8th Dist. Cuyahoga No. 90513, 2008–Ohio–4857, ¶ 6, citing *State v. Siders,* 78 Ohio App.3d 699, 701, 605 N.E.2d 1283 (11th Dist.1992). Despite a defendant's challenge to venue, upon entering a guilty plea, he or she waives the argument on appeal. *State v. Jones*, 6th Dist. Ottawa No. OT-14-042, 2015-Ohio-4209, ¶ 12, citing *State v. Montgomery,* 3d Dist. Putnam No. 12–13–11, 2014–Ohio–1789, ¶ 14.

{¶30} Our review of the record indicates the trial court explained the rights appellant waived by entering the pleas of guilty, including the rights associated with a trial by jury. Appellant's belated claim of disputed venue does not affect the validity of his guilty pleas.

{¶31} The trial court's advisement upon appellant's waiver of trial by jury was not erroneous and did not render his guilty pleas involuntary, unintelligent or unknowing. We conclude that the trial court did not err by accepting the guilty plea.

{¶32} Appellant's first assignment of error is overruled.

II.

{¶33} In his second assignment of error, appellant argues the trial court violated his constitutional right to a speedy trial.  We disagree.

{¶34} Speedy trial provisions are mandatory and are encompassed within the Sixth Amendment to the United States Constitution. The availability of a speedy trial to a person accused of a crime is a fundamental right made obligatory on the states through the Fourteenth Amendment. *State v. Ladd*, 56 Ohio St.2d 197, 200, 383 N.E.2d 579 (1978). "The statutory speedy trial provisions, R.C. 2945.71 et seq., constitute a rational effort to enforce the constitutional right to a public speedy trial of an accused charged with the commission of a felony or a misdemeanor and shall be strictly enforced by the courts of this state." *State v. Pachay*, 64 Ohio St.2d 218, 416 N.E.2d 589 (1980), syllabus.

{¶35} Appellant entered a guilty plea in the instant case. Where an accused enters a plea of guilty, he waives his right to raise the denial of his right to a speedy trial on appeal. *State v. Carroll*, 5th Dist. Coshocton No. 2021CA0020, 2021-Ohio-3937, ¶ 11, *appeal not allowed,* 166 Ohio St.3d 1415, 2022-Ohio-554, 181 N.E.3d 1213, citing *Village of Montpelier v. Greeno*, 25 Ohio St.3d 170, 172, 495 N.E.2d 581 (1986)*; State v. Lichtenwalter*, 5th Dist. Guernsey No. 20CA000013, 2021-Ohio-1394, ¶ 34.

{¶36} Moreover, appellant's argument fails on its merits. He summarily asserts that a delay of more than a year is presumptively prejudicial, citing *Doggett v. United*

*States,* 505 U.S. 647, 652 (1991). In determining whether a constitutional speedy-trial violation exists, the reviewing court must balance four factors: "the length of the delay, the reason for the delay, the accused's assertion of his or her right to a speedy trial, and the prejudice to the accused as a result of the delay." *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). "[T]he length of delay that will provoke such an inquiry is necessarily dependent upon the peculiar circumstances of the case." *Id.* at 530-531.

{¶37} The accused must make a threshold showing of a "presumptively prejudicial" delay to trigger an analysis of the other *Barker* factors. *Doggett v. United States*, 505 U.S. 647, 652, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992). Post-accusation delay approaching one year is generally found to be presumptively prejudicial. *Doggett* at fn. 1.

{¶38} In the instant case, however, while the delay is presumptively prejudicial, appellant does not attempt to address the remaining *Barker* factors. We find the reason for the delay is almost entirely attributable to appellant's own motions.  A delay of only 30 days is due to the trial court's sua sponte continuance of the motion to suppress for reasons related to the Covid-19 pandemic, which we find entirely reasonable.  See, *State v. Beal*, 5th Dist. No. 21CA3, 2021-Ohio-3812, 179 N.E.3d 75.

{¶39} Appellant never asserted his right to a speedy trial, and such an assertion would have been inconsistent with his endeavors to retain new counsel, new counsel's request to review discovery, and the ensuing plea negotiations.  Moreover, appellant does not argue he sustained any prejudice from the delay and we do not discern any prejudice from the record.

{¶40} In light of the significant tolling events that took place including motions appellant filed and continuances he sought, and the COVID-19 pandemic, we find appellant was brought to trial well within his statutory speedy-trial time.

{¶41} Appellant's second assignment of error is overruled.

III.

{¶42} In his third assignment of error, appellant argues he received ineffective assistance of counsel because defense trial counsel failed to raise arguments regarding merger and speedy trial. We disagree.

{¶43} To succeed on a claim of ineffectiveness, a defendant must satisfy a two-prong test. Initially, a defendant must show that trial counsel acted incompetently. *See*, *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). In assessing such claims, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689, citing *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158 (1955).

{¶44} "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland,* 466 U.S. at 689. The question is whether counsel acted "outside the wide range of professionally competent assistance." *Id.* at 690.

{¶45} Even if a defendant shows that counsel was incompetent, the defendant must then satisfy the second prong of the *Strickland* test. Under this "actual prejudice" prong, the defendant must show that "there is a reasonable probability that, but for

counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

{¶46} Appellant argues his right to the effective assistance of counsel was violated, first, because counsel conceded that the offense he pled to do not merge. Appellant's underlying presumption that the offenses merge is not supported by the record, which reveals that he committed multiple discrete offenses on discrete dates. More importantly, we find no error by trial counsel, and no ineffective assistance, because we are not in a position to second-guess counsel's strategy in negotiating a plea agreement that resulted in the dismissal of 71 additional counts. Counsel arrived at a plea agreement in which only three counts were to be served consecutively. We fail to see, and appellant does not reveal, how he was prejudiced by this outcome.

{¶47} Appellant also summarily argues defense trial counsel should have raised a speedy-trial argument, but in light of our resolution of the second assignment of error, we disagree.

{¶48} Appellant has not demonstrated ineffective assistance of counsel and his third assignment of error is overruled.

**CONCLUSION**

{¶49} Appellant's three assignments of error are overruled and the judgment of the Fairfield County Court of Common Pleas is affirmed.


By: Delaney, J.,

Wise, John, P.J. and

Baldwin, J., concur.