[Cite as *State v. Evans*, 2024-Ohio-2101.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | Case No. 2023 AP 07 0045 |
| | : | |
| DREW EVANS | : | |
| | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Tuscarawas County
                                                           Court of Common Pleas, Case No. 2022
                                                           CR 05 0178

JUDGMENT:                                      AFFIRMED

DATE OF JUDGMENT ENTRY:          May 30, 2024

APPEARANCES:

For Plaintiff-Appellee:                       For Defendant-Appellant:

RYAN STYER                                    AARON KOVALCHIK
TUSCARAWAS COUNTY PROSECUTOR    116 Cleveland Ave NW, Suite 808
                                                      Canton, OH 44702
KRISTINE W. BEARD
125 E. High Ave.
New Philadelphia, OH 44663

*Delaney, P.J.*

{¶1} Defendant-Appellant Drew Evans appeals the June 15, 2023 judgment entry on change of plea and sentencing issued by the Tuscarawas County Court of Common Pleas. Plaintiff-Appellee is the State of Ohio.

## FACTS AND PROCEDURAL HISTORY

### Indictment

{¶2} On November 21, 2021, police officers responded to the scene of a drug transaction and determined Defendant-Appellant Drew Evans was driving under suspension. He was arrested on an unrelated matter and found in possession of drug paraphernalia. Appellant's vehicle was impounded and upon an inventory search, the inventory officers found a plastic bag containing 0.79 grams of Fentanyl and a plastic bag containing 105.13 grams of Methamphetamines.

{¶3} On May 27, 2022, the Tuscarawas County Grand Jury indicted Defendant-Appellant Drew Evans on three charges: (Count 1) Aggravated Possession of Drugs, a second-degree felony in violation of R.C. 2925.11(A); (Count 2) Trafficking in a Fentanyl-Related Compound, a fifth-degree felony in violation of R.C. 2925.04(A)(1); and (Count 3) Illegal Use or Possession of Drug Paraphernalia, a fourth-degree misdemeanor in violation of R.C. 2925.14(C)(1). A warrant was issued on the Indictment, with the warrant returned on October 27, 2022 by the Tuscarawas County Sheriff.

### Timeline of Pretrial Proceedings

{¶4} Appellant was arraigned on November 1, 2022 and entered a not guilty plea to the charges. Via judgment entry filed November 2, 2022, the trial court granted Appellant a personal recognizance bond subject to pretrial release supervision with the

Tuscarawas County Community Corrections Program and GPS monitoring. Appellant, however, was remanded to the custody of the Tuscarawas County Sheriff on unrelated matters.

{¶5} Appellant's trial counsel made a motion for discovery and bill of particulars on November 8, 2022.

{¶6} The trial court held a pretrial on November 28, 2022, where it set the final pretrial for February 28, 2023, the status hearing for March 7, 2023 and the jury trial on March 8, 2023.

{¶7} On December 16, 2022, the Community Corrections Program filed a report with the trial court, dated December 13, 2022, alleging Appellant's multiple violations of his Pretrial Release Supervision. Accordingly, on December 16, 2022, the State filed a motion to revoke or modify Appellant's personal recognizance bond. The trial court held a motion hearing on December 27, 2022, where Appellant failed to appear. On December 27, 2022, the trial court filed its judgment entry ordering a capias be issued for Appellant's arrest. The trial court further ordered that the speedy trial time be tolled indefinitely from December 27, 2022.

{¶8} Appellant was arrested on unrelated charges in Harrison County on January 25, 2023, where he was detained pursuant to *State v. Drew Evans*, Harrison County Court of Common Pleas, Case No. CR120220097. Trial counsel entered an appearance on Appellant's behalf in the present case on February 14, 2023, and requested a pretrial. On March 1, 2023, the trial court issued a judgment entry canceling the status hearing and jury trial scheduled for March 2023. It rescheduled the status hearing for April 11, 2023 and the jury trial for April 13, 2023. Appellant was to remain incarcerated in the Harrison

County Jail or the ODRC and transported to Tuscarawas County for the status hearing and jury trial.

{¶9} On March 7, 2023, Appellant's trial counsel filed a motion for discovery.

{¶10} Appellant had been filing pro se motions with the trial court, which the trial court denied on April 11, 2023. Appellant's trial counsel filed a motion to withdraw on April 11, 2023. Via judgment entry filed April 14, 2023, Appellant's trial counsel was permitted to withdraw, and new trial counsel was appointed. The status hearing was scheduled for June 28, 2023 and the jury trial was scheduled for June 29, 2023.

{¶11} On May 2, 2023, Appellant was sentenced in the Harrison County case to two years of community control.

{¶12} On May 8, 2023, Appellant's new trial counsel filed a request for discovery and the bill of particulars.

**Appellant Enters a Guilty Plea**

{¶13} On June 7, 2023, the trial court issued a scheduling order for a change of plea hearing to be held on June 13, 2023.

{¶14} The matter came on for a change of plea hearing on June 13, 2023. Appellant indicated his desire to the trial court to change his not guilty plea to guilty to the Indictment. The trial court engaged in a plea colloquy where it found Appellant's change of plea was voluntarily and knowingly made and accepted his change of plea. The trial court found Appellant guilty of the offenses charged in the Indictment.

{¶15} Appellant waived a presentence investigation and the trial court moved to sentencing. The trial court imposed the following sentence, as recommended by the State:

- Count 1: a minimum term of 3 years to 4.5 years in prison on the charge of Aggravated Possession of Drugs;

- Count 2: a definite term of 12 months in prison on the charge of Trafficking in a Fentanyl-Related Compound, to be served concurrently with Count 1; and

- Count 3: a 30-day jail term on the charge of Illegal Use or Possession of Drug Paraphernalia, to be served concurrently with Count 1.

The aggregate minimum prison term was 3 years to a maximum term of 4.5 years. The trial court journalized the change of plea and sentencing via judgment entry filed on June 15, 2023.

{¶16} It is from this judgment entry that Appellant now appeals.

**ASSIGNMENTS OF ERROR**

{¶17} Appellant raises two Assignments of Error:

I. APPELLANT'S RIGHT TO A SPEEDY TRIAL UNDER BOTH CONSTITUTIONS OF THE UNITED STATES AND STATE OF OHIO WAS VIOLATED.

II. APPELLANT WAS DENIED HIS RIGHT TO ASSISTANCE OF EFFECTIVE COUNSEL.

**ANALYSIS**

**I.**

{¶18} In his first Assignment of Error, Appellant contends his right to a speedy trial was violated. Speedy-trial provisions are mandatory and are encompassed within the Sixth Amendment to the United States Constitution. The availability of a speedy trial to a

person accused of a crime is a fundamental right made obligatory on the states through the Fourteenth Amendment. *State v. Ladd*, 56 Ohio St.2d 197, 200, 383 N.E.2d 579 (1978). "The statutory speedy trial provisions, R.C. 2945.71 et seq., constitute a rational effort to enforce the constitutional right to a public speedy trial of an accused charged with the commission of a felony or a misdemeanor and shall be strictly enforced by the courts of this state." *State v. Pachay*, 64 Ohio St.2d 218, 416 N.E.2d 589, syllabus (1980).

{¶19} It is well settled that if a defendant enters a guilty plea, such plea "waives a defendant's right to challenge his or her conviction on statutory speedy trial grounds." *State v. Graves*, 2022-Ohio-4130, ¶ 25 (5th Dist.) quoting *State v. Kelly*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991), paragraph one of the syllabus. *See also State v. Phelps*, 2022-Ohio-3025, ¶ 35 (5th Dist.); *State v. Carroll*, 2021-Ohio-3937, ¶ 11 (5th Dist.), appeal not allowed, 2022-Ohio-554, citing *Village of Montpelier v. Greeno*, 25 Ohio St.3d 170, 172, 495 N.E.2d 581 (1986); *State v. Lichtenwalter*, 2021-Ohio-1394, ¶ 34 (5th Dist.).

{¶20} There is no dispute that Appellant entered a guilty plea to the Indictment and received a sentence as recommended by the State. Appellant has not assigned any error as to his guilty plea to the Indictment.

{¶21} We find Appellant has waived his right challenge his conviction on speedy trial grounds. Appellant's first Assignment of Error is overruled.

**II.**

{¶22} In his second Assignment of Error, Appellant argues he received the ineffective assistance of trial counsel for counsel's failure to file a motion to dismiss based on speedy trial grounds. We disagree.

{¶23} To succeed on a claim of ineffectiveness, a defendant must satisfy a two-prong test. Initially, a defendant must show that trial counsel acted incompetently. *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). In assessing such claims, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689, citing *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158 (1955).

{¶24} "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland*, 466 U.S. at 689. The question is whether counsel acted "outside the wide range of professionally competent assistance." *Id.* at 690.

{¶25} Even if a defendant shows that counsel was incompetent, the defendant must then satisfy the second prong of the *Strickland* test. Under this "actual prejudice" prong, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

{¶26} In determining a claim of ineffective assistance of counsel, our review is limited to the record before us. *State v. McCauley*, 2017-Ohio-4373, ¶ 21 (5th Dist.), citing *State v. Prophet*, 2015-Ohio-4997, ¶ 32 (10th Dist.). To the extent that Appellant argues that his trial counsel was ineffective in failing to file a motion to dismiss on speedy trial grounds, Appellant waived his right to effective assistance of counsel in regard to speedy-trial issues. *State v. Tanner*, 2024-Ohio-988, ¶ 23 (5th Dist.) citing *State v. Mayle*, 2008-

Ohio-286 (5th Dist.). We noted in *Mayle*, "[e]ssentially, by entering a guilty plea a defendant waives all errors, absent a showing that the defendant was coerced or induced into making the plea." *Mayle*, 2008-Ohio-286, ¶ 39 citing *State v. Kelley*, 57 Ohio St.3d 127, 130-131, 566 N.E.2d 658 (1991). Appellant as made no argument on appeal as to his guilty plea.

{¶27} Appellant's second Assignment of Error is overruled.

## CONCLUSION

{¶28} The judgment of the Tuscarawas County Court of Common Pleas is affirmed.

By: Delaney, P.J.,

Hoffman, J. and

Wise, J., concur.