[Cite as *State v. Phelps*, 2026-Ohio-1423.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
FAIRFIELD COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO | Case No. 2025 CA 00036 |
| Plaintiff - Appellee | <u>Opinion and Judgment Entry</u> |
| -vs- | Appeal from the Fairfield County Court of Common Pleas, Case No. 2019 CR 00499 |
| ROBERT PHELPS | Judgment: Affirmed |
| Defendant - Appellant | Date of Judgment Entry: April 20, 2026 |

**BEFORE:** William B. Hoffman; Robert G. Montgomery; Kevin W. Popham, Judges

**APPEARANCES:** Andrea Boyd, for Plaintiff-Appellee; Todd W. Barstow, for Defendant-Appellant.

*Hoffman, J.*

**{¶1}** Defendant-appellant Robert Phelps appeals the judgment entered by the Fairfield County Common Pleas Court overruling a motion for judicial release. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE CASE[1]

**{¶2}** On December 22, 2020, Appellant entered pleas of guilty in the Fairfield County Common Pleas Court to twelve counts of aggravated trafficking in drugs and one

---

[1] A rendition of the facts is unnecessary to our disposition of this appeal.

count of engaging in a pattern of corrupt activity. In exchange for his guilty pleas, the State dismissed the remaining seventy-one counts of the indictment. Pursuant to a negotiated plea agreement, the parties jointly recommended a sentence of fifteen years of incarceration. The trial court convicted Appellant upon his pleas of guilty and in accordance with the joint recommendation, sentenced Appellant to fifteen years of incarceration. Appellant appealed to this Court, and we affirmed the judgment of conviction and sentence. *State v. Phelps,* 2022-Ohio-3025 (5th Dist.).

{¶3} On September 4, 2025, Appellant filed a motion asking the trial judge to recuse himself. Appellant filed a notice of appeal on September 24, 2025, stating on September 8, 2025, the trial court denied his request for recusal, mistakenly labeling the entry a denial of a request for judicial release. Appellant attached an entry to the docketing statement filed in this Court bearing a file stamp of September 8, 2025, purporting to overrule Appellant's motion for judicial release, despite the fact no motion for judicial release was pending. However, the September 8, 2025, judgment is not on the docket of this case, nor is the entry in the record transmitted to this Court. [2] Nonetheless, it is from the September 8, 2025, judgment of the trial court Appellant prosecutes this appeal.

{¶4} Appellate counsel for Appellant has filed a Motion to Withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), *rehearing den.*, 388 U.S. 924, indicating the within appeal is wholly frivolous. In *Anders*, the United States Supreme

---

[2]Though not relevant to our ultimate disposition of this appeal, we raise concern about how a judgment entry attached to Appellant's docketing statement and brief which bears a file stamp of the clerk and is a judgment entry bearing the judge's signature no longer exists in the record before us nor is it noted on the clerk's docket. If the entry was inappropriately filed, the remedy would be to correct it via a nunc pro tunc entry. But merely removing the entry from the record after being filed, and failing to note its filing on the court docket would be inappropriate.

Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he or she should so advise the court and request permission to withdraw. *Id.* at 744. Counsel must accompany the request with a brief identifying anything in the record which could arguably support the appeal. *Id.* Counsel also must: (1) furnish the client with a copy of the brief and request to withdraw, and (2) allow the client sufficient time to raise any matters the client chooses. *Id.* Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

{¶5} We find counsel has complied with *Anders*. Appellant has not filed a pro se brief, and the State has not filed a response brief. Counsel sets forth one assignment of error which could arguably support the appeal:

THE TRIAL COURT ERRED BY NOT RULING ON APPELLANT'S MOTION TO RECUSE AND MISCHARACTERIZING THAT MOTION AS A MOTION FOR JUDICIAL RELEASE.

{¶6} If the judgment entry of September 8, 2025 was a part of the record on appeal, the judgment on its face purports to overrule a motion for judicial release. A judgment overruling a motion for judicial release is not a final, appealable order, and this Court would not have jurisdiction over the appeal. *State v. Buchanan*, 2007-Ohio-1578, ¶ 13 (5th Dist.).

{¶7} In his proposed assignment of error, counsel argues the trial court erred in mischaracterizing the motion for recusal as a motion for judicial release, and in failing to rule on the motion for recusal. Subsequent to Appellant's motion for recusal, the trial court dismissed Appellant's petition for post-conviction relief as untimely filed and ruled on Appellant's motion to dismiss the indictment. Because the trial court continued to rule on Appellant's pending motions, we find the trial court overruled Appellant's motion for recusal sub silentio. Nevertheless, pursuant to R.C. 2701.03, this Court is without authority to review a trial court's decision on a request to recuse. *Colley v. Crabtree*, 2024-Ohio-437, ¶ 47 (4th Dist.). We find the proposed assignment of error is without merit.

{¶8} After independently reviewing the record, we agree with counsel's conclusion no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under *Anders*, grant counsel's request to withdraw, and affirm the judgment of the Fairfield County Court of Common Pleas.

**{¶9}**   The judgment of the Fairfield County Common Pleas Court is affirmed.

**{¶10}** Costs to Appellant.

By: Hoffman, P.J.

Montgomery, J. and

Popham, J. concur.